## DIDIER AND OTHERS *against* GALLOWAY.

### ERROR *to Pulaski Circuit Court.*

In suits by attachment, the bond to be filed before issuing the writ is a pre-requisite. If no such bond is filed as is required by the statute, the effect is to abate the writ; but it is no ground for a motion to dissolve the attachment and restore the property.

Any matter which defeats the present proceeding, and does not show that the plaintiff is for ever precluded, should in general be pleaded in abatement, unless some other mode of proceeding is warranted by express enactment.

If in any case there is no such enactment, there is no authority for a departure from the common law rules of pleading.

A judgment in a suit by attachment, that the attachment be dissolved, the property restored, and the defendant recover costs, is not a final judgment.

Debt, by writ of attachment. Galloway, the defendant, moved to dissolve the attachment, and that the property be restored, because no sufficient bond was filed before issuing the writ. The Court sustained the motion, and gave judgment that the attachment be dissolved, and the property restored, and that the defendant recover the costs.

SCOTT, and TRAPNALL & COCKE, for plaintiffs:

PIKE, *Contra:*

DICKINSON, J., delivered the opinion of the Court:

This is an action of assumpsit, instituted by Didier and others against Galloway and others, by attachment. The fifth section of the act regulating this mode of proceeding, (*Rev. Stat. Ark.*, 116), requires that the plaintiff shall, at the time of filing his declaration, also file with the Clerk a bond to the defendant, with sufficient security, to be approved of by such Clerk, in double the amount of the debt sworn to, " conditioned that he will prove his debt or demand on a trial at law, or that he will pay such damages as shall be adjudged against him."

Under the old law, the writ issued as of course in all instances where the proper affidavit was filed. And though the plaintiff may have failed to prove his demand, the defendant, in many cases, would have had no adequate redress. It was to remedy this evil, that the present statute was passed, requiring a bond to indemnify the defendant for any injury sustained from the prosecution of a stale or fictitious claim.

The proceeding by attachment against absent or absconding debtors, is a peculiar privilege granted to creditors, because it is the policy of the law, and the honest right of the creditor, that he should be permitted to collect his debt, wherever he can find the means of satisfaction. It is, however, one of those violations of the common law, that can only be authorized by express enactment, and is watched with great jealousy, that no fraud or injustice may be practiced under it, and that it be not made to embrace a class of cases not intended to be brought within its operation.

In the case before us, the declaration and affidavit were filed at the proper time. A motion was made and sustained by the Court, to dissolve the attachment, and release the property levied on, because no such bond had been filed as was required by law, and judgment was entered against the plaintiffs in error, for all the costs in the suit expended. The bond is a pre-requisite, and the plaintiff must comply with the condition upon which he is allowed his writ, before he can avail himself of the privileges of the act. The effect upon the suit, if there is no such bond as is required by the statute, would be to abate the writ; and that the defendants had a legal right to avail themselves of all matters in abatement, in any manner authorized by law, will not be controverted. The only question is as to the mode of doing it.

We have examined the statute with great care, and find that there are but two instances specified, in which, while the action is pending and undetermined, the attachment can be dissolved and the property restored. 1st, Where the party gives bond for his appearance and compliance with the judgment of the Court. 2d, Where an exception is sustained to the affidavit; and even the defendant must *appear and plead* to the action, before his exception will be entertained by the Court. In the event of its being sustained, his *common* appearance

Didier and others *against* Galloway.

will be accepted, the property attached released, and the suit then proceed as other suits at law, (*Rev. Stat. Ark.*, *ch.* 13, *sec.* 13, 29); but this cannot be done on motion.

In the case before us, the exception is not to the affidavit, but to the bond. The record is silent as to the nature of that exception. Is it that the security is not of that species which is required by the statute? or is it defective in its condition? or were either of the contracting parties infants, insane, or the like? Is it contrary to policy, and therefore regarded as void? Is it void from defective execution? Is it without consideration, or was it executed or filed too late? Whether it was declared to be imperfect for any one of these, or other causes, we are left wholly in the dark. The record merely shows the fact, indirectly, that the exception, whatever it may have been, was, in the opinion of the Court, sufficient to dissolve the attachment and release the property. If this can be done in the present instance, where shall we draw the line of distinction, and what influence is this summary mode of proceeding by motion, so frequently, and, as we think, so unwarrantably indulged in by the Courts to have upon the rights and interests of individuals? According to what we understand to be the law, any matter which defeats the present proceeding, and does not show that the plaintiff is for ever precluded, should in general be pleaded in abatement, (4 *T. R.*, 227; 3 *Chitty's Bla.*, 302), unless some other mode of proceeding is warranted by express anactment. In the case before us, there is no such enactment; consequently, there is no authority for a departure from the common law rules of pleading; and the Circuit Court erred in entertaining the defendant's motion, but should have required a regular and formal plea, if there was any disability resting upon the plaintiffs to sue, or a non-compliance with any of the pre-requisites of the statute.

Although perhaps not imperatively called upon to express an opinion upon the effect of a motion of this kind, we have deemed it better to do so, to regulate, if practicable, the practice of the Circuit Courts, and confine them to the long-established and well-settled rules of pleading, particularly where the Legislature has not thought proper to interfere.

Didier and others *against* Galloway.

There has been no final determination of the suit by the Circuit Court. It is true, the attachment is ordered to be dissolved, the property levied upon restored, and judgment that the defendant should have and recover all the costs in the suit expended. But there is no judgment abating the writ or dismissing the action, but merely a decision upon an incidental question arising during the progress of of the case, leaving the gist of the action yet to be settled and finally determined.

Upon this view of the case, and for want of any final judgment, the writ of error must be dismissed.