### Delano et al. *vs.* Kennedy.

After attachment issued and levied, and the defendant has given bond to release the property, which is released accordingly, the defendant can appear and plead in abatement, that no sufficient attachment bond was filed by the plaintiff before attachment issued. *Didier vs. Galloway*, 3 *Ark.*, cited.

The defendant's bond is then substituted for the property seized—and this is a personal benefit.

He is compelled, by his bond, to *appear* and *answer* the plaintiff's demand, and the suit proceeds as ordinary suits at law. If he gives no bond, he may appear and defend the *action*, as in other suits at law; but the property shall remain with the officer.

In one case he binds himself to appear and answer the plaintiff's demand; in the other, he may appear and defend the action. No difference in the rights of the defendant is created.

He cannot except to the sufficiency of the plaintiff's affidavit until after he has first pleaded to the action.

If the exceptions are sustained, the attachment is dissolved, the property restored, and his common appearance entered.

The defendant cannot then plead in abatement—the effect of the exception being to *release the attachment*—it leaves the bond of the plaintiff as material as it was before, as a necessary means of indemnity to the defendant for the wrongful seizure of his property.

If the bond is defective, the plaintiff ought not to have the advantage of his suit; and if a bond of the defendant is substituted for the property, and the property restored to him, this cannot operate as a release of the plaintiff's bond.

If the obligation of the plaintiff was so released, he might impose upon the defendant the necessity of giving bond, and so avoid responsibility for a wrongful seizure, and thereby take advantage of his own wrong.

An attachment bond, conditioned that "the plaintiff will prove his demand on a trial at law," is not sufficient.

This was an action of debt by attachment, determined in the Crawford Circuit Court, in October, 1843, before the Hon. R. C. S. Brown, one of the circuit judges. Kennedy, for the use of Jonathan Allen, sued Charles M. and Lorenzo Delano, and with his declaration filed an affidavit and bond for attachment. The affidavit stated that the defendants were justly indebted to the plaintiff in the

sum of $240 84, with interest from the second of January, 1840, and that the defendants were non-residents. The bond was for $600, conditioned that the plaintiff would prove his demand on a trial at law. The sheriff seized property, valued at $460, a particular description of which he returned, and thereupon the defendants entered into bond, with approved security, in $600, conditioned acccording to law. One of the defendants appeared and plead in abatement, that the plaintiff did not, with his declaration, file a bond conditioned to be void if he should prove his debt on a trial at law, or pay such damages as should be adjudged against him: which plea was sworn to. Replication and issue to the plea, submitted to the court, who found the bond sufficient. The defendant excepted, and filed his bill of exceptions. The other defendant then craved oyer of the writing sued on, which was granted, and he demurred, setting it out: the demurrer was stricken out on motion, and the defendants required to plead forthwith to the merits, which they declined doing, and final judgment was rendered against them. The bill of exceptions states, that the plaintiff, on the trial of the issue to the plea in abatement, offered to read the attachment bond, to which the defendant objected, and filed his exceptions: and that, that was all the evidence offered on the trial of that issue. The case came here by appeal.

*Cummins*, for appellants.

*By the Court,* Sebastian, J. The question, which is mainly presented by the record in this cause is, whether the giving bond by the defendants, to obtain the restoration of property attached, precluded him from pleading in abatement the want of a sufficient attachment bond. In *Didier vs. Galloway*, 3 *Ark. Rep.* 501, it was expressly ruled, that the want of a bond, or of a bond in pursuance of the statute, was pleadable in abatement to the whole suit. It is a condition precedent to the suing forth the writ, intended to afford the opposite party ample redress for any injury which may result from its abuse, or improper exercise, by the plaintiff. Without it the party is not rightfully in court, and it is to be regarded as in the nature of a personal disability of the plaintiff to sue; and to be pleaded at the

Delano et al. *vs.* Kennedy.

proper term and in proper order.   It is contended that the entering into special bail, by the defendant, precluded him from pleading the want of a sufficient attachment bond in abatement.   We think it has no such operation.   The language of the statute is, that "the attachment shall be released, and the suit proceed as other suits at law."   By the release of the attachment, the property attached is restored to the possession of the defendant, and his bond substituted, in contemplation of law as an ample equivalent to the plaintiff for the release of the attachment.   The statute confers a personal benefit on the defendant by enabling him to relieve himself of the more onerous consequences of the attachment, in the loss of the use and possession of his property.   The bond is thus substituted for the property, and in a different form is one of the legitimate consequences of the attachment.   This bond compels the defendant to *appear* and *answer* the *plaintiff's demand*, &c., "and in such case the suit proceeds as in other actions at law."   Now, in the event no bond be given, then, in case of his appearance, by section 15, "he may plead to and defend such *action* as other suits at law."   But the property attached shall remain in the possession of the sheriff subject to the disposition of it by law.   By these provisions, no difference is created in the rights of the defendant.   In one case, he binds himself to appear and to "answer the plaintiff's demand," in the other, he is authorized to "plead to and defend such action" as in other suits at law.   We can therefore see no reason why the defendant should not be warranted in pleading, in abatement, as well where he has given such bond, as where he has not.   The language of the statute, in one case, does not exclude it in stronger terms, than in the other, and in the case before cited, it was held he might plead it.   By the provisions of the statute, section 6, both the bond and affidavit are made prerequisite to the issuing of the writ, and upon a failure to file either one or the other, the defendant can take advantage of the defect.   He cannot however, except to the affidavit, without pleading to the action, (see sec. 29) and when his exception is sustained, it operates as a dissolution of the attachment, restoration of property taken, discharge of garnishee, &c.   And the common appearance of the defendant is accepted.   In this case, the defendant is precluded from

pleading in abatement, by the terms imposed upon him by the statute. The exceptions to the affidavit in such case, only affected the consequences of the attachment, but did not abate the suit. It leaves the bond just as important as before. So it is by the giving of special bail, which only substitutes the bond for the property, and the attachment bond is necessary to the whole suit. It is necessary as a means of indemnity to the defendant for the wrongful suing out the attachment: it is still necessary after the property attached has been restored, to cover such damages as accrued by the caption and detention of the property until its restoration to the defendant.

If it is such a bond as is defective, for that purpose, the plaintiff should not have the advantage of this suit. The restoration of the property cannot therefore operate as a release of the bond for the attachment. This would enable the plaintiff to perpetrate a wrong, and take advantage of it, by imposing upon the defendant the necessity of giving special bail, to obtain a release of the attachment. We therefore think it was competent for the defendant to plead the want of a sufficient attachment bond in abatement, after he had given special bail to the sheriff. The bond in this case was not such as is required by the statute, and as the defendant has saved the point in his exceptions, the judgment of the circuit court must be reversed, and a new trial awarded.

RINGO, C. J., *dissenting*. The defendant sued out a writ of attachment against the goods, chattels, lands, tenements, and effects, of the plaintiffs in error, who upon the execution thereof by the sheriff, gave bond and security, in pursuance of the provisions contained in the 13 sec. of the 13 chap. of the Revised Statutes of this State; which declares, that "The defendant, at the time of the service of the writ of attachment, or at any time before judgment shall be rendered against him, may file (if before the return of the writ, with the officer executing the same; if after, with the clerk) a bond with sufficient security, to be approved of by the officer taking the same, in double the amount of the plaintiff's demand as sworn to; conditioned, that he will appear to, and answer, the plaintiff's demand at such time and place as by law he should, and that he will pay and

Delano et al. *vs.* Kennedy.

abide the judgment of the court, or that his security will do the same for him." The 14th sec. of the same statute enacts, that "when the defendant shall have filed the bond, as required in the last preceding section, the attachment shall be released, and the suit proceed as other suits at law." The sheriff certified in his return to said writ of attachment, amongst other things, that he executed it on certain property of the defendants, on the 30th day of June, 1842, and that the *attachment was dissolved, and the property and garnishee released,* "by the defendants appearing and entering into special bail, and giving bond with approved security, as the law directs, which securities are Sandford Turner, and George Turner, and said bond is therewith returned, 1st July, 1842."

The case presented, raises distinctly this question, to wit: what was the legal effect upon the suit, of the bond and security entered into by the defendants, in pursuance of the provisions of the 13th section *of the statute above quoted,* upon the execution of the writ of attachment? Did this act of the defendants simply discharge their property and effects, from the operation of the attachment, and substitute in their stead, a different security to the plaintiff? Or did it have the effect of releasing the whole attachment, and discharging the bond of the plaintiff, as well as the property and effects of the defendant? The majority of this court, if I correctly understand their opinion, hold that the legal operation of this act of the defendants is to release so much of the attachment only as operates upon and binds their property, by substituting instead thereof the bond and personal security taken by the sheriff, but that it has no effect whatever upon the attachment bond filed by the plaintff. I hold that the legal operation thereof is, to release the whole attachment and place the parties to the action, respectively, in the same situation, as if the original process had been a writ of *capias ad respondendum,* instead of an attachment, and that the proceedings in the writ, thenceforward must be the same as if no such bond had been given, and no process other than a capias issued; and that no exception to the affidavit can be maintained, if it be such affidavit as would authorize the issuing or suing out of the attachment, although it is not such as in law would have entitled the plaintiff to a capias; because the change, in the form of the remedy,

and order of proceeding, depends entirely upon the election of the defendants, and being designed, as I conceive, exclusively for their case and advantage, the law, in my opinion, by implication, if not by express declaration, makes their election operate as a release of any right of action which they otherwise may have had, or might have, upon the attachment bond filed by the plaintiff, and of every advantage of which they could otherwise have availed themselves in the suit by reason of no such bond, or an insufficient one having been filed. For this law, although made for the benefit of defendants, was not, as I believe, designed to favor them at the expense of plaintiffs, who, it must not be forgotten, can seldom if ever resort to this extraordinary remedy, except in cases where the defendant is by fraud, endeavoring to prevent the recovery or payment of the demand, by means of any ordinary proceeding at law. The operation given to this act of the defendants, by the opinion of the court is, therefore, in my opinion, too limited; besides, it is made thereby to operate both unjustly and oppressively upon the plaintiff, which I am confident the law never designed it should. But the statute not only declares in the broadest terms, that "the attachment shall be released" upon the defendant's filing such bond with the sheriff, or clerk, as is thereby prescribed, but also expressly declares that the suit shall proceed as other suits at law. Now, I am at a loss to understand how this can be, and the right remain to the defendants to plead in abatement of the suit, the want or insufficiency, of either the attachment bond, or the writ of attachment. The former they cannot plead, first, because, by their own voluntary election, they have done an act which, by the operation of law, releases the whole attachment and transforms it from a proceeding designed to operate exclusively upon their property and effects, into an ordinary action, operating exclusively *in personam;* and inasmuch as in such suit, no bond is required to be filed by the plaintiff prior to the institution thereof, so when the attachment is released, and the parties required to proceed therein, as in other suits at law, the legitimate and plain legal consequences appears to me to be, that no plea alleging the want of such bond can have any effect whatever upon the cause; if it is otherwise, the case, instead of proceeding as other suits at law, may be defeated, or at least abated, by

reason of a defect in, or omission to do, any thing not required in any ordinary action; and secondly, because the defendants, by giving such bond, bind themselves to appear to the action, by an express stipulation, contained in the condition thereof, by which, as it seems to me, they ought to be estopped from pleading any defect in the writ as without such appearance the condition would be broken, and the bond forfeited. In this case these facts, being returned by the sheriff, thereby became parcel of the record, and conclude the parties, to the extent of their legal operation, which, according to my understanding of the law, would exclude the plea in abatement, filed in this case, and render the determination of the issue upon it, wholly inoperative, and if it had been found for the defendants, instead of the plaintiff, the plaintiff would have been entitled to judgment, notwithstanding; and the declaration, for aught that appears, being in every respect good, the judgment, in my opinion, ought to be affirmed, although in striking out the demurrer filed by one of the defendants, the court doubtless erred; yet as the demurrant did not, by bill of exceptions, cause the demurrer to be made part of the record, we cannot regard any of the grounds of demurrer therein specially assigned, and the facts shown in the declaration, certainly show a right of action in the plaintiff.