Johnson, C. J., delivered.the opinion of the court. The defendant in the court below filed her two several pleas in abatement, to each of which the plaintiff demurred, and issue was taken thereupon. The court sustained the demurrer to both pleas, and the question now submitted for the decision of this court is, did the circuit court err, or not, in thus sustaining the demurrer? As pleas in abatement do not deny, and yet tend to delay the trial of the merits of the action, great accuracy and precision are required in framing them. They should be certain to every intent, and be pleaded without any repugnancy. The first plea when tested by these principles will be found to be wholly defective and insufficient in law. It sets up several distinct and independent facts, either of ydfich, if true and well pleaded, would be sufficient to defeat the present action. It is therefore bad, and the court decided correctly in sustaining the demurrer to it. We will now dispose of the questions arising upon the demurrer to the second plea. It has already been ruled by this court, that the want of a bond, or of a bond in pursuance of the statute, is pleadable in abatement to the whole suit. It is a condition precedent to the suing forth, the writ, intended to afford the opposite party ample redress for any injury which may result from its abuse, or improper exercise by. the plaintiff. Without it the party is not rightly'in court, and it is to be regarded as in the nature of a personal disability of the plaintiff to sue; and to be pleaded at the proper time and in proper order. Didier vs. Galloway. 3 Ark. Rep. 501. The matter set up in this plea is well pleaded and tenders a single issue to the plaintiff. It now remains to be seen whether it is sufficient in point of law as a defence to the action. To decide this question correctly will involve a proper construction of the statute. The statute recjuirps that in all cases where proceedings are instituted by attachment against a boat or vessel, by her name or description only, the bond to be given by the plaintiff shall be made payable to the “State of Arkansas” for the use and benefit of the owners of such boat or vessel, who may institute a suit thereon, if damages be occasioned by the issuing of said attachment wrongfully and have recovery thereon, in the same manner as if said bond had been given to such person in his proper name, or in the name and style of the partnership. Is it essential that it should be stated in the bond that it is executed for the use and benefit of the owners of the boat? We regard the words “for the use and benefit” as mere surplusage and as having no legal effect whatever. When the bond is executed by the plaintiff to the State of Arkansas, with the .condition prescribed by law, it is then perfect, and all the rights, intended to be conferred by the statute, are vested in the owners, &nd not at all dependent upon the fact whether the words “for the use and benefit” are inserted or not. The great difficulty in many instances, if not utter impossibility, of ascertaining the names of the owners of boats, was doubtless the cause that prompted the legislature to provide that the bond, in such cases, should be made payable to the State; and to require the plaintiff to insert the names of the owners would be to create the identical difficulty which it was the especial object and care of the legislature to obviate. The bond filed in this case is perfect without the words “for the use and benefit of the steamboat Napoleon;” they are mere surplusage and cannot in the slightest degree, affect its legal operation. The demurrer admits the facts stated in the plea to be true, but denies'' their sufficiency in point of law to defeat the plaintiff’s action. It is the opinion of the court that there is no error in the judgment of the circuit court in sustaining the demurrer to the second plea. It is therefore considered and adjudged by the court, that the judgment of the circuit court of Hempstead county, in this case, be in all things affirmed with costs. •