Oi,üiia.m J., delivered the opinion of the court. It cannot be doubted but that the first part of the plaintiff's-.'replication would be a good answer t.o the defendant.-,’ plea in abatement, if pleaded separately and with technical accuracy, a; it i a direct denial of the allegations contained in the plea. Hut the defendants insist that the replication is bad for duplicity in as much as it also avers that the plaintiffs ratified the act, of signing and sealing the bond on the 2ith May 1842, which was after the return day of the writ. Duplicity in a plea or replication cou-ists in its containing two -distinct, matters, either of which would be a bar to the action or nn answer to the plea. 1 Ch. Pl. 164. If the subsequent ratification of the act of executing the bond as avered in the replication would avoid the plea, if pleaded separately, the replication is double, -otherwise, it is not. It has been held by this court that “the proceeding by attachment is a peculiar privilege granted to creditors, is in violation of the common law, and can only be authorized by express enactment, and is watched with great jealousy. The bond is a pre-requisite, and the plaintiff must, comply with the condition upon which he is allowed hi j writ, before he can avail him elf of the privileges of the act. The effect upon the suit, where there is no such bond.as is required by the statute, would be to abate the writ. Didier vs. Galloway, 3 Ark. 501. It is true that a subsequent ratification by the principal of the act of the agent is equivalent to an original grant of authority, so far at Ida it a; the principal himself i¡ affected by the transaction. Such a ratification would render the bond operative and binding" upon the principal and he could not thereafter call in question the.original want of authority upon the part of the agent or avoid the-bond for that reason. The question is not, however, whether the bond was valid and binding upon the plaintiffs after its ratification by them as alleged, but whether they complied with the conditions of the statute by filing a good and sufficient bond as required by law before suing out their writ of attachment against the defendants. The statute requires, that before the writ shall issue the plaintiffs shall file a bond in. double the sum sworn to with good and sufficient security. Rev. St. ch. 13, sec. 5. A compliance with this,requisition exacts a bond, valid and obligatory, to be filed before the writ shall issue. If the bond was executed in the names of the plaintiffs by a person having no authority for that purpose, a ratification before the issuance'of the writ would cure the omission, but no subsequent ratification would be available for that purpose. This ca-.e differs from an action upon a bond originally executed for the obligor, by a person having no authority, but which is sought to be enforced in consequence of a subsequent ratification. In such case the question is whether the instrument is then the bond off the obligor, and not whether it was bindiug upon him at the time-of its original execution. In this case the question is not whether the bond was valid at the time of the filing of the replication, but, whether the plaintiffs filed such a bond as the law requires, as a, condition precedent to their right to sue out a writ of attachment against the defendants. The case stands in the same attitude as though the writ had been issued without any bond whatever having been filed, but after the return day the plaintiffs had come into court, and filed a bond conditioned as required by law. The bond never was binding upon the plaintiffs until they ratified it, and consequently there was a failure to observe the requirements of the statute in that respect. This averment in the replication, if pleaded separately, would not constitute an avoidance of the matters contained in the plea in abatement, and does not, consequently, render the replication •double. It is merely surplusage which may he struck out without injury to the replication, and thereiore it doe; not vitiate. Inasmuch as the replication is not double, it is not necessary to determine' whether duplicity is good cause for demurrer to a replication. The circuit court should have overruled* the demurrer, wherefore we reverse the judgment, and l’emand the-cause.