[Filed March 7, 1888.]

# H. L. HOLGATE, RESPONDENT, v. OREGON PACIFIC RAILROAD COMPANY, APPELLANT.

A PRIVATE CORPORATION being the creature of the statute may be sued in such manner as the legislature may provide. The statutes of Oregon prescribe a mode for the commencement of an action against parties, including corporations, and it must be pursued in order to confer jurisdiction upon the court over the person of the defendant.

CORPORATION — WHERE SUABLE. — Section 44 of the Civil Code of the State, which provides that "the action shall be commenced and tried in the county in which the defendants, or either of them, reside, or may be found at the commencement of the action," applies to corporations as well as to natural persons, except so far as the former are affected by subdivision 1 of section 55 of the Code.

DOMICILE. — The residence of a corporation is deemed to be in the county where it has its principal office or place of business.

VENUE. — A corporation organized under the laws of the State must be sued in the county where it has its principal office or place of business, or in the county where the cause of action arose.

APPEAL from a judgment of the Circuit Court for the county of Multnomah.

*George W Yocum,* for Respondent.

*Whalley, Bronough & Northup,* for Appellant.

THAYER, J. — The appellant is a private corporation, constituted as such under the laws of the State, having its principal office at Corvallis, in the county of Benton. The respondent attempted to commence an action against the appellant in the said Circuit Court, to recover a small amount of indebtedness alleged to be due him from it. He filed his complaint thereon in the office of the clerk of said Circuit Court, and issued a summons in the usual form, notifying the appellant to appear and answer the complaint. The summons was delivered to the sheriff of said county of Multnomah, and thereafter at said last mentioned county served upon Wallis Nash, second vice-president of the appellant, intending the same as a service upon the latter. The appellant failed to appear in accordance with the notice contained in the summons, whereupon a default and judgment for the amount claimed in the complaint were entered against it, and from which judgment this appeal was taken.

The counsel for the appellant present two questions for the consideration of this court upon the appeal, viz.: "(1) Can a corporation, organized and incorporated under the laws of this State, and having its principal office or place of business in a certain county, be sued or served in transitory actions in a county other than that in which its principal office is situated? (2) If it can, was the attempted service upon Wallis Nash, second vice-president of the defendant corporation, service upon the head of the corporation, the president and first vice-president being absent, notwithstanding the affidavit and showing of Wallis Nash that he was not the head of the corporation at the time of the service?"

A corporation being the creature of the legislative assembly can be served with process for the purpose of commencing an action against it, in such manner as that department may prescribe. (*Cairo & Fulton Railroad Co.* v. *Hecht,* 95 U. S. 168.) It has prescribed the mode of service of such process, and the only question to be considered is whether the attempted service referred to was made in compliance therewith. Section 44 of the Code, last compilation, provides that "in all other cases (referring to transitory actions), the action shall be commenced and tried in the county in which the defendants, or either of them, reside, or may be found, at the commencement of the action; or if none of the parties reside in this State, the same may be tried in any county which the plaintiff may designate in his complaint." Section 54 of the Code, same compilation, provides that "the summons shall be served by the sheriff of the county where the defendant is found," and section 55 of the Code provides that "the summons shall be served by delivering a copy thereof, together with a copy of the complaint, prepared and certified by the plaintiff, his agent or attorney, or by the county clerk, as follows: (1) If the action be against a private corporation, to the president or other head of the corporation, secretary, cashier, or managing agent, or in case none of the officers of the corporation above named shall reside or have an office in the county where the cause of action arose, then to any clerk or agent of such corporation who may reside or be found

in the county, or if no such officer be found, then by leaving a copy thereof at the residence or usual place of abode of such clerk or agent."

These are all the provisions of the Code which bear upon the question, and we must ascertain therefrom what the legislature meant and intended by adopting them. They constitute separate sections of the Code, but as they relate to the same subject should be construed together. It cannot be maintained that under said section 44 the service was sufficient to bind the corporation, as the action was not attempted to be commenced in the county where the defendant resided or was found. The residence of the corporation, if an artificial person can be said to have a residence, must be deemed to be in the county of Benton, where it has its principal office and place of business, and where it is required to pay its taxes. It has its entity in that county, which is permanently fixed until a change is made in its charter. Mr. Nash certainly did not take the corporation with him when he went to Portland and was served with the summons, whatever his official position in the institution may have been; and by no fiction even can it be maintained that the appellant was found in Multnomah County upon that occasion. If the attempted service of the summons, therefore, was sufficient in law, it must be found to be so under said section 55 of the Code.

In construing the latter section the circumstance of its amendment in 1876 may be taken into consideration. The original provision upon the subject is included in section 54 as compiled in 1874. By the amendment all the language contained in subdivision 1 of said section 55, after the words "managing agent," was added thereto, and it is well understood by the older members of the bar why such addition was made. The business of railroad corporations in particular generally extended through other counties than the one in which the principal office was situated, where stations were established, and clerks and agents located to transact the local business connected with their roads.

Controversies between the corporations and individuals arose, of course, in these various counties, which had to be adjusted in the courts; but owing to the fact that the officers the legislature

had designated as the persons upon whom service of summons is required to be made in such cases could not always be found in the county in which the controversy had its origin, it was difficult to commence the action there, and the right to do so in a county other than that in which the principal office was situated was then seriously controverted. In order, therefore, to avoid such inconvenience and to settle the right to sue a corporation in the county where the action arose, without regard to the location of its principal office, the amendment was adopted. It authorizes beyond question the commencement of an action against a corporation in any county in which the cause of action arose; but as was said in *Parke* v. *Commonw. Insurance Co.* 44 Pa. St. 422, in construing a similar statute: "That corporations should be liable to be sued in any county . . . . by any plaintiff who may choose to sue them there, whether the claim originated there or not, is surely beyond the intention of the legislature."

It is necessary in the commencement of an action against a corporation under the Civil Code of this State, in order to acquire jurisdiction over the person, that the return of service of summons show that a duly authenticated copy thereof, and of a copy of the complaint, were delivered to one of the officers thereof designated in said subdivision 1 of said section 55 of the Code, either in the county where its principal office is situated, or in the county where the cause of action arose, or in case none of such officers shall reside or have an office in the county where the cause of action arose, then to any clerk or agent of such corporation who may reside or be found in the county where the cause of action arose, or if no such officer be found, then by leaving such copies at the residence or usual place of abode of such clerk or agent.

The action may be commenced in the county where the corporation has its principal office, whether the cause of action arose there or not, because that is its place of residence. In that case, however, the service must be made upon the president, or other head of the corporation, secretary, cashier, or managing agent thereof; but if commenced in a county where the cause of action arose, the service may be made upon a clerk or agent under the

circumstances and in the manner above mentioned. The return to the summons not showing the facts here indicated, the service was insufficient to give the Circuit Court jurisdiction over the appellant. Whether Mr. Nash comes within the designation of president, or other head of the corporation, or managing agent thereof, it is not necessary to consider, as it was not attempted to commence the action in the county where the appellant has its principal office, and the service could not be made upon him as agent or clerk, as the cause of action did not arise in the county of Multnomah.

The judgment will therefore be reversed and the complaint dismissed.