## ASSIGNMENT FOR CREDITORS—COURTS—JURISDICTION.

[Hamilton Circuit Court, May, 1898.]

Swing, Cox and Smith, JJ.

†JOHN OMWAKE V. LUCY JACKSON.

1. NATURE OF ACTION IN FORECLOSURE.
   An action in foreclosure is in the nature of an action *in rem.*

2. APPLICATION OF SEC. 5055, REV. STAT.
   Such being the case, sec. 5055, Rev. Stat., applies, and no interest can be acquired by third persons in the subject-matter as against plaintiff's title.

3. JURISDICTION OF THE COURT OF INSOLVENCY.
   The jurisdiction of the court of insolvency, while original and exclusive as to all matters pertaining to the settlement of the estate of the assignor, is nevertheless limited to the matters which the assignor is capable of transferring to the court through his assignment; and where the court of common pleas has previously obtained jurisdiction of subject-matter by the terms of the statute, the assignor has not the power to transfer the jurisdiction to the court of insolvency.

SWING, J.

This case was heard and decided by this court some weeks ago, but not having been fully argued, and not being thoroughly satisfied as to the correctness of our conclusions, we requested counsel to argue the case. This was done and the case was very fully and ably argued by counsel both orally and by brief, with the result that we are now satisfied that our former conclusion was erroneous.

The facts necessary to be stated in order to point out the matter in controversy are: On July 18, 1896, Omwake brought suit in foreclosure of a real estate mortgage against Lucy Jackson et al., and service of summons was made on the mortgagor. On April 24, 1897, Lucy Jackson filed an answer. Afterwards, on October 23, 1897, Lucy Jackson executed a general deed of assignment.

Afterwards the assignee filed an answer, setting up the fact of the assignment and claiming that the court of common pleas was thereby ousted from jurisdiction so far as proceeding to a sale of the real estate, and that the sale and exclusive jurisdiction as to the sale of the property was lodged in the court of insolvency.

After a careful consideration of the question, we are now satisfied that the assignment did not take away from the court of common pleas the jurisdiction of that court to render and execute any judgment that it might deem proper to make as to the foreclosure and sale of the premises.

It seems to us that the determination of the question hinges on whether the action is one *in rem* or *personam.*

We are of the opinion that an action in foreclosure is in the nature of an action *in rem.* Judge Hitchcock, in the case of Frische v. Lessees of Kramer, 16 O., 126, 141, says: " By our practice, the proceedings in chancery, which we sometimes denominate proceedings to foreclose an equity of redemption, are in fact, in the nature of proceedings *in rem.*"

Judge McIlvane, in the case of Wood & Pond v. Stanberry et al., 21 O. S., 142, 149, says, speaking of the proceedings to sell real property under a mortgage, that it is " a proceeding strictly *in rem.*"

† For opinion of commons pleas court in this case, see 7 Ohio Dec., 238.

In the case of Spence v. Insurance Co., 40 O. S., 517, 521, McCauley, J., says : "The two actions are essentially different, one exhausts the mortgage security, the other affords a personal remedy; one may be maintained without personal service, and the other may not," thus fully recognizing that the foreclosure of the mortgage is a proceeding *in rem*.

Other cases of our own Supreme Court support this view, and to the same effect might be cited text books and a mass of decisions of other courts.

If a proceeding *in rem*, we are of the opinion that sec. 5055, Rev. Stat., applies. This section is as follows: "When the summons has been served, or publication made, the action is pending, so as to charge third persons with notice of its pendency, and while pending, no interest can be acquired by third persons in the subject-matter thereof, as against the plaintiff's title." This section is simply declaratory of the rule of the common law as to his powers. We see no reason why in its terms this section does not apply to deeds of assignment in the court of insolvency; and we think the ends of justice will be best subserved by the court of common pleas retaining the jurisdiction of the action. We do not question in the least the contention of the opposite counsel to the effect that the court of insolvency has the original and exclusive jurisdiction as to all matters pertaining to the settlement of the estate of the assignor, as is held by our Supreme Court in the cases cited in argument, but that must be limited to the matters that the assignor is capable of transferring to that court through his assignment to his assignee; and the court of common pleas having got jurisdiction of the subject-matter by the terms of the statute, the assignor did not have the power by reason thereof to give to the court of insolvency the jurisdiction.

A great number of authorities have been presented to us, but if we are correct in our view of this section of the statute, an elaborate review of them could not make the matter any plainer and is entirely unnecessary.

Our conclusion, therefore, is that the assignment did not transfer to the court of insolvency the jurisdiction that had already vested in the court of common pleas, and that the latter court still retained the action with power to proceed to final judgment and execution, and that the case having been appealed to this court that it is now here for such determination.

Cox and SMITH, JJ., concur.

*Thos. McDougall* and *Channing Richards,* for the assignee.

*C. W. Baker* and *M. G. Heintz,* for the mortgage.

*Edward Barton, Walter A. De Camp* and *Province Pogue,* for others.