## BAILEY *v*. MALHEUR IRRIGATION COMPANY.

[57 Pac. 910.]

1. SERVICE OF PROCESS ON PRIVATE CORPORATIONS.—Except in those cases that have been by statute impressed with a local character, a private corporation may be sued either where it resides or where the cause of complaint arose: *Holgate* v. *Oregon Pac. R. R. Co.* 16 Or. 123, cited.

2. IMPLIED AMENDMENT OF STATUTE—SERVICE OF SUMMONS.—As Hill's Ann. Laws, § 55, providing for service on a corporation in a law action, was extended by section 389 to cover service in equity suits, an amendment to section 55 amends its application to equity suits as well as to law actions.

3. SERVICE OF PROCESS ON PRIVATE CORPORATIONS.—Hill's Ann, Laws, § 55, permitting an action against a corporation to be brought in the county where the cause arose, and allowing substituted service on inferior representatives

of the corporation found in that county, does not invalidate service in another
county on the president of the corporation, though the return does not show
that no representative of the corporation could be found in the county where
the action is begun.

4. DEFAULT JUDGMENT—DEFECTIVE COMPLAINT.—In a suit to protect a water
right, if the complaint states a good title, it will support a decree taken by
default: *Askren* v. *Squire*, 29 Or. 228, applied.

From Harney :  MORTON D. CLIFFORD, Judge.

Bill for an injunction by John T. Bailey against the
Malheur and Harney Lake Irrigation Company.  The
complaint herein states the following cause of suit :  That
at all times mentioned the defendant was and is a corpo-
ration duly and legally incorporated under the laws of
the State of Oregon ; that plaintiff is the owner of certain
real property situate in sections 26 and 27, township 26
south, range 31 east of the Willamette Meridian, in Mal-
heur County, Oregon ; that Malheur Lake is a non-navi-
gable body of water situate in said county, and has ex-
isted substantially as it now is from time immemorial ;
that there is a depression in the surface of the earth, ex-
tending from said lake about six miles in a westerly di-
rection ;  that plaintiff's land is directly connected there-
with, and the greater part of it is almost level, having a
slight incline towards and into said depression ; that dur-
ing the spring and summer of each year the water of said
lake rises and flows into and through said depression,
completely covering the same and a part of the said land
bordering thereon and adjacent thereto ; that the water of
said lake will continue to flow into and through said de-
pression and upon plaintiff's said land, unless prevented
by the interference and unlawful acts of the defendant,
as herein alleged ;  that said land is valuable for raising
natural grasses, of which large quantities are annually
produced, otherwise it is of but little value ;  that abun-
dant irrigation is necessary for the production of said
natural grasses, as otherwise no crop thereof can be pro-

duced; that there is no means of irrigating said land, or any part thereof, except by the natural annual overflow of said lake; that the slope of said land towards and into said depression is so gradual that a fall of a few inches in the water of said lake will wholly deprive said land of irrigation; that defendant is now engaged in the construction of a large ditch or canal, to be connected with and leading out of said lake, by means of which it intends and now threatens to and will take a large quantity of water from said lake, and thereby convey the same entirely away from the land of this plaintiff, and will continue such taking from year to year, whereby the plaintiff will be wholly deprived of the use thereof for the purpose of irrigation, to his great and irreparable damage and injury. The prayer is that the defendant be enjoined from taking and conducting the water out of said Malheur Lake by means of said ditch or canal, or otherwise, and for the costs and disbursements of the suit. The suit was commenced in Harney County, and the defendant served with the summons at La Grande, in Union County, Oregon, by the delivery to C. S. Dunphey, its president, in person, of a copy thereof, together with a certified copy of the complaint. The defendant appeared specially by F. S. Ivanhoe, its attorney, and moved to quash the return of service; which motion being overruled, and the defendant failing and refusing to further appear or plead to the complaint, a decree was entered against it, in accordance with the prayer of the complaint.

AFFIRMED.

For appellant there was an oral argument by *Mr. F. S. Ivanhoe.*

For respondent there was an oral argument by *Mr. Lionel R. Webster.*

MR. CHIEF JUSTICE WOLVERTON, after making the foregoing statement of the facts, delivered the opinion.

1.   The suit having been commenced in the county where the cause thereof arose, and service of the summons made on the president of the defendant company in the county where its principal office is located, it is now questioned whether such service out of the former county is authorized.   But, if it should be held that such authority exists, then it is insisted that the return of service is insufficient, in that it does not show that the defendant company, or the president upon whom said service was attempted to be made, or other officer or agent thereof, did not reside or have an office in the county in which the suit was commenced, or that diligent search had been made in said county for such an officer or agent without avail.   In a local action or suit the defendant may always be served in the county in which he resides, notwithstanding the action or suit may have been instituted in another county.   Sections 54, 55, Hill's Ann. Laws, prescribe the manner of the service of a summons ; and, as it concerns private corporations, the latter section directs that it shall be served by delivering a copy thereof, together with a certified copy of the complaint, "to the president or other head of the corporation, secretary, cashier, or managing agent, or in case none of the officers of the corporation above named shall reside or have an office in the county where the cause of action arose, then to any clerk or agent of such corporation who may reside or be found in the county, or if no such officer be found, then by leaving a copy thereof at the residence or usual place of abode of such clerk or agent."   All that part of the section quoted following the words "managing agent" was added by way of amendment in 1876.   This amendment, it was held in *Holgate* v. *Oregon Pac. R. R.*

*Co.* 16 Or. 123 (17 Pac. 859), authorized the commence-
ment of an action against a private corporation in any
county where the cause arose, and that the corporation
must be deemed to reside in the county where it has its
principal office or place of business.  In this respect,
therefore, the amendment localized the action, in so far
as it gave the parties suing the right or privilege of insti-
tuting the same in the county where the cause arose;
but it did not take away the right which formerly ob-
tained of bringing it in the county where the corporation
resides or has its principal place of business, so that now
the corporation may be sued either where it resides or
where the cause arose, except in those cases which the
statute has impressed with a character purely local.  Such
is the logic and spirit, if not the letter, of the decision in
the case referred to, and is a direct interpretation of the
statute, so far as it pertains to actions at law.

2.    The same interpretation should apply also as it
respects suits in equity.  By Section 389, Hill's Ann.
Laws, it is provided that the provisions of Chapter I, from
and inclusive of Title V of such chapter, to and inclusive
of Title XIII thereof, shall apply to and govern the mode
of proceedings in suits, except as otherwise specially pro-
vided.  Section 55 is a part of Title V, Chapter I, and
therefore falls within the purview of said section 389.
An amendment of section 55, as it regards actions at
law, would therefore be an amendment as well as it re-
spects suits in equity;  so that, since the amendment, a
suit may be begun against a corporation where the cause
arose, as well as an action at law.

3.    It would therefore follow quite naturally that ser-
vice of summons may be had upon the corporation in
the county in which is located its principal office or the
place of its residence, although the suit or action was
commenced where the cause arose, in a different county,

unless the language of the amendment precludes it. It was held in *Caro* v. *Oregon & Cal. R. R. Co.* 10 Or. 510, that a service upon the clerk or agent of the corporation was a substituted service, and that, in order to make a valid service of the kind, it was necessary that the return of the sheriff should state facts to warrant it. The decision, however, fails to point out or designate the particular facts required to be stated; but the statute indicates unmistakably of what they consist. In case none of the officers named—viz., the president or other head of the corporation, secretary, etc.—reside or have an office in the county where the cause arose, then it is permissible to make a substituted service upon any clerk or agent; and these are the facts required to be stated in order to give the return validity. This is the one and only mode of substituted service provided for, and it cannot be resorted to unless it is not practicable to obtain service upon some of the designated superior officers, by reason of their not residing or having an office within the county. If either of them resides or has an office within the county where the cause arose and was instituted, service must be made upon him for the corporation, to the exclusion of any clerk or agent; but the language of the amendment is not inhibitive of service upon the corporation at its place of residence. The object of the statute, it was said by Mr. Justice BEAN, in *Farrell* v. *Oregon Gold Co.* 31 Or. 463 (50 Pac. 186), "is to provide for service upon such officers or agents of the corporation as will be most likely to bring notice home to the corporation; and therefore it contemplates that in all cases the service of summons in an action against a corporation must be made upon the principal officers enumerated in the statute, if they reside or have an office in the county where the action is pending, but, if not, it may, if the action is brought in the county where the cause of action arose, be made

upon any clerk or agent of the corporation who may reside or be found in such county, without regard to his rank." So a return of service, showing that it was made upon the president of the corporation in the county where the cause arose and was instituted, was held to be valid, although it did not show that he resided or had an office in such county. The service upon the clerk or agent, as before stated, is the only substituted service provided for, and all else is personal, in so far as a corporation is capable of being served personally. Originally it was competent to serve a corporation in the county of its residence. But the amendment of section 55 having extended the right to sue in the county in which the cause arose, the legislature, realizing that the defendant corporation may not always have an office there, with one of its superior officers as an incumbent or residing within the county, provided also for the substituted service. It was not designed, however, to impinge upon the personal service which obtained under the statute as it originally stood. Such, it appears to us, is the true intendment of the statute as amended. So we take it that the service in the case at bar was valid, although the return does not show that none of the superior officers of the corporation resided or had an office in the county where the cause arose and was instituted, or that no clerk or agent of the company could be found in said county.

4. A further contention is made by the appellant that the complaint does not state facts sufficient to constitute a cause of suit, and that therefore the decree of the court below should be reversed. We have looked into the complaint carefully, and find it contains the statement of a good title (whether imperfectly stated, or not, is not necessary for us to decide), and hence is sufficient to support the decree, where it is taken, for want of an answer :

*Askren* v. *Squire*, 29 Or. 228 (45 Pac. 799). These considerations affirm the decree of the court below, and it is so ordered.                               AFFIRMED.