Argued 5 January, decided 30 January, 1905.

### HILDEBRAND v. UNITED ARTISANS.

79 Pac. 347.

CORPORATIONS—SERVING PROCESS ON RESIDENT AGENT.

1. Under Section 55, B. & C. Comp., providing for service of process on a resident "agent" of a corporation under some circumstances, service on a nonresident fraternal benefit corporation may be made by delivering the process to one who, as secretary of the local branch of the organization, is required to receive assessments from members and remit them to the head office, to keep and report the record of the standing of local members, to notify the head office of the death of members and to return the complete proofs of death, such a person being an "agent" of the corporation.

VENUE OF ACTION ON LIFE INSURANCE POLICY.

2. Under a statute providing that a corporation may be sued in the county where the cause of action arose, a life insurance company may be sued on its policy in the county whereof its beneficiary was an inhabitant at the time of his death.

SUFFICIENCY OF RETURN OF SERVICE ON AGENT OF CORPORATION.

3. Where an action has been commenced against a corporation in the county where the cause of action arose, as permitted by Section 55, B. & C. Comp., instead of in the county where the company has its principal place of business, as provided by Section 44, B. & C. Comp., the return on the summons must show that service was made on one of the principal officers of the corporation, or state on what clerk or agent it was served, and the reason for such substituted service.

NECESSITY OF SHOWING WHERE CAUSE OF ACTION AROSE.

4. In order to confer jurisdiction over a corporation that has been sued in a county other than the one in which its principal office is situated, the record must show somewhere that the cause of action arose in the county of the venue.   To illustrate: A life insurance corporation of M. county having been sued in D. county on one of its policies, a statement in the record that the company "executed and delivered" its policy in D. county, and that the same was accepted in that county, does not show that the assured died there, and thus it does not appear that the cause of action arose in the county of the venue.

From Douglas: JAMES W. HAMILTON, Judge.

Action by Robert Hildebrand, acting through J. S. Culver, his guardian, against the United Artisans, a fraternal life insurance organization, to recover the amount of a membership certificate issued to his father.   Defendant appeals.      REVERSED.

For appellant there was a brief and an oral argument by *Mr. Parrish L. Willis.*

For respondent there was a brief over the names of *Geo. M. Brown* and *John T. Long,* with an oral argument by *Mr. Long.*

PER CURIAM.   This is an action by a minor, instituted by his guardian in the circuit court for Douglas County, against a private corporation, having its principal place of business in Multnomah County, to recover upon a benefit certificate issued by it, stipulating to pay plaintiff the sum of $1,900 in case of his father's death.   The complaint alleges that the defendant was organized under the laws of this State, and is engaged therein in mutual life insurance on the assessment plan; that in conducting its business it instituted at Roseburg, Oregon, a lodge, known as "Umpqua Assembly, No. 105"; that in consideration of the payment by plaintiff's father of the fees and charges prescribed, and of his compliance with the defendant's rules and regulations, it "there executed and delivered" to him a contract of insurance, a copy of which is set out, whereby he became a member in good standing in that assembly, and entitled to all the rights, benefits, and privileges of membership in the defendant corporation; that plaintiff's father, having fully complied with all the conditions required of him by it, died November 18, 1903; and that due proof of his death was made to the defendant within the time prescribed, but for more than sixty days thereafter it declined, and now refuses, to pay any part of the sum named in

the certificate. A summons was issued, and the sheriff of Douglas County certifies, in his return indorsed thereon, that he served it in that county upon the within-named defendant, the United Artisans, by delivering a true copy thereof, prepared and certified to by him, and also a copy of the complaint prepared and certified to by one of plaintiff's attorneys to Minnie Jones, the Secretary of Umpqua Assembly, No. 105, and agent of the defendant corporation; and that the reason he made the service upon her was because the president or other head of the corporation, secretary, cashier, or managing agent thereof, did not reside or have an office in Douglas County. The defendant's attorney, appearing specially, moved to set aside the service of the process on the ground that the court did not have jurisdiction of the body of the defendant; supplementing the motion by his affidavit, and that of the defendant's managing agent, to the effect that such service was not made upon its agent. A counter affidavit was filed by plaintiff's attorney, in which he sets out what purport to be the duties of a secretary of a subordinate assembly of the defendant corporation. Based on the showing thus made, the court refused to quash the service, and, for want of an answer or other pleading, rendered judgment against the defendant for the sum demanded, and it appeals.

1. The statute regulating the manner of securing jurisdiction of the person of a defendant is as follows: "The summons shall be served by delivery of a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the county clerk, as follows: (1) If the action be against a private corporation, to the president or other head of the corporation, secretary, cashier, or managing agent, or in case none of the officers of the corporation above named shall reside or have an office in the county where the cause of action arose, then to any clerk or agent of such corporation who may reside or be found in the county, or if no such officer be found, then by leaving a copy thereof at the residence or usual place of abode of such clerk or agent": B. & C. Comp. § 55. The affidavit of plaintiff's counsel states that Minnie Jones, as Secretary of Umpqua Assembly, No. 105, of the United Artisans,

was required to remit all moneys to the supreme assembly; to notify the supreme secretary when the death of a benefit member occurs, and to see that all blanks for proof of death are promptly filled out and returned to the supreme secretary; and semi-annually to make a report of all members in good standing, and of other items of interest. The affidavits of defendant's counsel and of its managing agent fail to state any facts from which the conclusion can be deduced that Minnie Jones was not an agent of the defendant. They are simply to the effect that she was not its agent or representative, and are nothing more than mere expressions of opinion, not amounting to the specifications of probative facts from which her authority, or want thereof, is to be determined. The question of agency is to be ascertained by considering the business transacted for, and the acts performed by, one person for another, with his previous authorization or subsequent knowledge and approval. Upon the proof of these facts, the conclusion is reached whether or not the agency existed at the time relied upon. This deduction is based upon evidence of the facts adverted to, and cannot be made to depend upon the opinions of witnesses, for that would be delegating to them the duty devolving upon the court.

Where the regulations of an association having a benefit department require the secretary of each local division to certify to the health of every applicant for insurance, to keep a correct list of the members of the benefit department, and to place therein the name of any member of an insurance department joining his division by transfer from any other division, such secretary is an agent of the association: *Dixon* v. *Order Ry. Conductors* (C. C.), 49 Fed. 910. In deciding that case, the court, referring to the duties which the secretary was directed to perform, says: "The list required to be kept by the local secretary could perform no office, except as an aid to the defendant in its transactions with its members. In these respects the local secretary is in no sense the agent of the assured. The acts required are for the benefit of the assurer, not the assured, and are done by the authority of the company, not of the member. The imposition of such duties upon local secretaries constitutes them agents of

the corporation, within the definition of the statute, for the purpose of service of process." To the same effect is the case of *Southwestern Mut. Ben. Assoc.* v. *Swensen,* 49 Kan. 449 (30 Pac. 405). We think the affidavit of plaintiff's counsel sufficiently shows that the duties required of a secretary of a subordinate assembly of the United Artisans made Minnie Jones an agent of the defendant corporation in Douglas County, so that a delivery of a certified copy of the summons and of the complaint to her was the service of process on it, and it remains to be seen whether the record affirmatively shows that the cause of action arose in that county.

2. "Where statutes," says a text-writer, "provide that an insurance company may be sued within the county in which the cause of action, or some part of it, arose, it is generally held that an action on a policy of life insurance is maintainable in the county where the insured resided and died": 11 Enc. Pl. & Pr. 384. The sum named in a certificate of a fraternal insurance association does not usually become payable until the death of the assured, upon the happening of which the persons designated in the certificate as the beneficiaries eo instante acquire a vested interest therein: *Masonic Mut. Ben. Soc.* v. *Burkhart,* 110 Ind. 189 (10 N. E. 79, 11 N. E. 449); *Hoeft* v. *Supreme Lodge K. of H.* 113 Cal. 91 (45 Pac. 185, 33 L. R. A. 174). The indemnity thus rendered payable by the happening of the condition is in the nature of personal property bequeathed by a testator; the policy representing the last will of the deceased, and the beneficiaries named therein personating the legatees. If the policy were payable to the decedent's estate, the sum specified would on his death become an asset thereof, and be subject to the law in relation to administration. In ordinary life insurance policies the cause of action necessarily arises when the right to the sum specified accrues by reason of the death of the assured, and the cause of action must arise in the county of which he at the time of his death was an inhabitant: *Bruil* v. *Northwestern Mut. Relief Assoc.* 72 Wis. 430 (39 N. W. 529).

3. All actions, except such as have been localized by statute (*Bailey* v. *Malheur Irrig. Co.* 36 Or. 54, 57 Pac. 910), must be

commenced in the county in which the defendant resides or may be found at the time it was instituted: B. & C. Comp. § 44. This section has been impliedly amended so as to permit an action to be brought against a corporation in the county in which the cause of action arose: B. & C. Comp. § 55. The residence of a corporation is deemed to be in the county in which it has its principal office or place of business, where it may at all times be sued. When the action is commenced in the county in which the cause of action arose, and not in the county where the corporation has its principal office and place of business, the return of the officer upon the process must show the reason for making the service in the manner pursued: *Holgate* v. *Oregon Pac. R. Co.* 16 Or. 123 (17 Pac. 859). The delivery of certified copies of the summons and complaint to an inferior agent of a corporation, outside the county of its principal office and place of business, is a substituted service of process, and the return of the officer must show the facts necessary to confer jurisdiction: *Caro* v. *Oregon & C. R. Co.* 10 Or. 510; *Weaver* v. *Southern Or. Co.* 30 Or. 348 (48 Pac. 167).

4. To enable a court to render a valid personal judgment against a foreign corporation by the service of process on an agent, it must appear somewhere in the record that the corporation was engaged in business in the State: *St. Clair* v. *Cox,* 106 U. S. 350 (1 Sup. Ct. 354, 27 L. Ed. 222); *Farrell* v. *Oregon Gold Co.* 31 Or. 463 (49 Pac. 876). The rule as to venue adopted by this court is that though a corporation, for the purpose of jurisdiction, may be engaged in business throughout the entire State, its residence, within the meaning of the statute (B. & C. Comp. § 44), is in the county where its principal office is located; and, while it may be sued in any other county than that of its domicile (B. & C. Comp. § 55), the right to maintain the suit depends upon the fact that the cause of action arose in the county in which the venue is laid. Such right is an exception ingrafted by implication on the general statute, and, to bring the notice home to a corporation which is to be imputed to it by the service of a process on an inferior agent, the record, by a parity of reasoning, and following the rule adopted in *Farrell* v. *Oregon Gold Co.*

31 Or. 463 (49 Pac. 876), must somewhere show that the cause of action arose in the county in which the action was brought.

The complaint states that at Roseburg, Oregon, the defendant "there executed and delivered" to plaintiff's father a contract of insurance. The benefit certificate shows that it was signed by the officer of the defendant corporation at Portland, Oregon, April 12, 1901. Eight days thereafter it was countersigned by the master artisan and secretary of Umpqua Assembly, No. 105. Immediately below their approval, but over the signature of the plaintiff's father, is the following indorsement: "I hereby accept this certificate and the conditions therein named." A contract is completed at the place where the minds of the parties meet and assent to the terms of the agreement. It is fairly to be implied from the contract of insurance that it was entered into at Roseburg, in Douglas County; but it is nowhere disclosed by the record that plaintiff's father, at the time the certificate was issued, was an inhabitant of that county. If this fact were manifest from an inspection of the record, it is possible that a continuation of his residence would be presumed until his death; but, in the absence of such showing, it does not affirmatively appear that the cause of action arose in Douglas County.

The judgment will, therefore, be reversed, and the cause remanded, with instructions to quash the service of the summons, and for such further proceedings as may be necessary, not inconsistent with this opinion.                          REVERSED.