THE UNION SAVINGS BANK & TRUST CO. v. THE PIKE BUILDING CO. ET AL.

1. A covenant to insure in a lease, is in the nature of a covenant running with the land and can not be dealt with as a separate equity.
2. A purchaser at judicial sale, while not a party to the *suit,* is a party to the *sale,* and is bound to take notice of the character, condition and amount of the property sold, and to details which are matters of public record, under the maxim, *Id certum est quod reddi certum potest.*

HOSEA, J.; SMITH and FERRIS, JJ., concur.

Motion to set aside sale.

The view that we take of this case renders an extended opinion unnecessary upon the present motion. A sale in foreclosure carries with it all the interest in law or equity of the mortgagee, and, by consequence, that of the mortgagor; and whatever inheres in the estate sold passes to the purchaser. 16 O., 125, *Frische* v. *Kramer's Lessee;* 10 O. S., 339, *Childs* v. *Childs et al.*

It is obvious that if the lease involved in this suit had been duly assigned prior to the destruction of the buildings, the assignee would have stepped into the shoes of the lessee

completely with respect to every covenant of the lease.  The covenant as to insurance had reference to the lessee in his capacity as such, and not to the individual independently of that relation.   The destruction of the buildings simply brought into existence the conditions provided for by the covenant, but in nowise altered the nature of the covenant or the lessee's relation thereto.   It was an inherent condition of the leasehold estate, in the nature of a covenant running with the land; and was not and could not become and be dealt with as a separate equity.   It was of the essence of the estate mortgaged and sold, just as is the privilege of purchase; and, being such, passed under the mortgage. What was to be sold upon foreclosure was not—as counsel insist—a tangible sum of money realized, but the interest and estate of the lessee, of which estate these things are incidents and involve a right to insist upon the performance of the covenants on the part of the lessor based upon due performance by him who succeeds to the rights of the lessee.

The intent, only, is necessary to make this such a condition as runs with the leasehold estate; and we are of opinion that this clearly appears in the instrument of lease in question.  *Masury v. Southworth,* 9 Ohio St., 341; cited and approved in *Easter* v. *Railroad Co.,* 14 O. S., 48-51; *Smith* v. *Harrison,* 42 O. S., 180-184; *Railway* v. *Bosworth,* 46 O. S., 81-86.

The objections urged to the advertisement, etc., are such as would come with greater propriety from the purchaser; but, nevertheless, we are unable to perceive how the interests of the mortgagor are prejudiced.   While a purchaser is not a party to the suit, he is, in the language of the Supreme Court, "a party to the sale" (15 O. S., 350), and bound to take notice of the character, condition and amount of the property sold.   All details were matters of record in the suit and the lease was duly recorded in the public records. *Dresbach* v. *Stein,* 41 O. S., 70, 71 (77).

The object of the advertisement is not to apprise purchasers of all details connected with the title, but merely to attract them by a general description of the property or

interest to be sold. *Id certum est quod reddi certum potest,* applies to purchasers as an obvious corollary to the rule of *caveat emptor,* which applies in all strictness to judicial sales.

The recent decision of this court at special term, cited, as reference—so far as this point is concerned—to an advertisement that was misleading in character, because it described by metes and bounds only, ignoring the existence of a brick dwelling-house on the property, and leading the public to understand that the property to be sold was mere vacant land without improvements. The advertisement was, therefore, incomplete under the statute; moreover, this was but one, and not the most important, of the grounds for setting aside the sale in that case, but none had any bearing upon the case at bar.

We perceive in the proceedings of the sale here in question, no irregularity, much less any prejudicial error. The privilege of purchase and the covenant as to insurance were properly considered as elements in appraising the value of the lessee's estate, and that estate or interest va¹¹ed *en gros* was the thing sold.

Motion to set aside sale is denied. Motion to confirm sale granted, and sale confirmed.

*John C. Healy, W. Austin Goodman, Thos. H. Kelley, Drausin Wulsin* and *J. H. Bromwell,* for plaintiff in error.

*Powel Crosley* and *J. C. Rogers,* for defendants in error.