Argued January 30, decided February 18, 1908.

## WINTER *v.* UNION PACKING CO.

[93 Pac. 930.]

CORPORATIONS—ACTIONS—VENUE—TRANSITORY ACTIONS.

1. A transitory action must be brought against a domestic corporation either in the county where it has its principal office or place of business or in the county where the cause of action arose.

APPEARANCE—CHALLENGING JURISDICTION—EFFECT OF SPECIAL APPEARANCE.

2. A defendant may appear specially to challenge the jurisdiction of the court, either by motion or by plea in abatement, where the want of jurisdiction does not appear on the face of the record, without subjecting himself to its jurisdiction for any other purpose; but, if jurisdiction is necessary to the granting of the relief sought, the appearance is general, regardless of the purpose or character of the appearance.

SAME—EFFECT OF REDELIVERY BOND—MOTION TO DISMISS—PLEA IN ABATEMENT.

3. The execution of a redelivery bond in attachment, under Section 306, B & C. Comp., does not constitute a general appearance, neither does a special appearance to move for dismissal for want of jurisdiction, nor a subsequent plea in abatement setting up the same ground.

SAME—BOND UPON APPLICATION TO DISCHARGE ATTACHMENT.

4. Under Section 312, B. & C. Comp., an application to the court to discharge an attachment on giving an undertaking, conditioned to pay any judgment that may be recovered in the action, is an acknowledgment of the jurisdiction of the court over the person, the same as in case of personal service.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Statement by MR. CHIEF JUSTICE BEAN.

The defendant is a domestic corporation, having its principal office and place of business in Astoria, Clatsop County. On March 12, 1904, plaintiff commenced an action against it in the justice's court for Portland district,

51 OR.—— 4

Multnomah County, on a cause of action arising in Clatsop County, and caused summons to be served upon defendant in the latter county. At the time the action was commenced a writ of attachment was issued and levied upon certain personal property belonging to defendant in Multnomah County. On March 14th defendant executed and delivered to the officer making the attachment a redelivery or forthcoming bond, with two sureties, conditioned as provided in Section 306, B. & C. Comp., and the possession of the attached property was surrendered to it.

Thereafter it appeared specially and moved to dismiss the action for want of jurisdiction, because defendant was a resident of Clatsop County. The cause of action arose in such county, and service was made upon it there. The motion was overruled, whereupon defendant filed a plea in abatement, alleging substantially the same state of facts. The plea was stricken out on motion, and defendant, declining to appear or plead further, judgment was rendered against it, as prayed for in the complaint. From this judgment it appealed to the circuit court, where the judgment of the justice's court was affirmed, and it now brings the case here for final determination.

REVERSED.

For appellant there was a brief over the names of *John H. Smith* and *A. M. Smith,* with an oral argument by *Mr. A. M. Smith.*

For respondent there was a brief and an oral argument by *Mr. William La Force.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. It is clear that the judgment appealed from is erroneous, unless the defendant voluntarily submitted itself to the jurisdiction of the justice's court for Multnomah County. A transitory action must be brought against a domestic corporation either in the county where it has its principal office or place of business or in the county

where the cause of action arose: *Holgate* v. *O. P. R. Co.* 16 Or. 123 (17 Pac. 859) ; *Bailey* v. *Malheur Irrigation Co.* 36 Or. 54 (57 Pac. 910). This rule is not disputed by plaintiff; but it is contended that defendant voluntarily submitted itself to the jurisdiction of the justice's court by appearing therein and moving to dismiss, and especially by giving a redelivery or forthcoming bond to secure possession of the attached property. The appearance of the defendant was for the sole purpose of challenging the jurisdiction of the court, and was not, therefore, a general appearance, or equivalent to the service of summons.

2. A defendant may appear specially in an action for the purpose of taking advantage of a defect in the notice or service, or to question the jurisdiction of the court, without subjecting himself to its jurisdiction for any other purpose: *Kinkade* v. *Myers,* 17 Or. 470 (21 Pac. 557) ; *Belknap* v. *Charlton,* 25 Or. 41 (34 Pac. 758). This he may do either by motion, or, where the want of jurisdiction does not appear on the face of the record, by plea in abatement: *Brown* v. *Webber & Trustee,* 6 Cush. (Mass.) 560; *Gregg* v. *Sumner,* 21 Ill. App. 110. But where a defendant appears and invokes the judgment of the court upon a matter, which presupposes jurisdiction, or asks relief which can only be granted after jurisdiction has attached, his appearance is general, and gives the court jurisdiction of the person, whether limited to a special purpose or not. The character of the appearance does not depend upon the form of the motion or pleading, but upon its substance, and the relief sought: *Belknap* v. *Charlton,* 25 Or. 41 (34 Pac. 758).

3. The remaining question is the effect of the redelivery bond given by defendant to the officer serving the writ of attachment. There are two bonds provided by statute, by the giving of which a defendant may obtain possession of attached property. One. is an undertaking, as provided in Section 306, B. & C. Comp., "to deliver it or

pay the value thereof to the sheriff, to whom execution upon a judgment obtained by the plaintiff in the action may be issued"; and the other is by an application to the court for the discharge of the attachment upon executing and delivering to such court, or the judge thereof, an undertaking to the effect "that the sureties will pay to the plaintiff the amount of the judgment that may be recovered against the defendant in the action": Section 312, B. & C. Comp. There is, it will be noticed, a marked distinction between the method of procedure, and the terms and effect of these two undertakings. The latter is given on an application to the court to discharge the attachment, and obligates the sureties to pay such judgment as may be recovered in the action. Under many of the authorities, it binds the defendant to enter an appearance, or be liable to be proceeded against as in case of personal service: Drake, Attachment, § 322; *Delano v. Kennedy,* 5 Ark. 457; *Childress* v. *Fowler,* 9 Ark. 159; *Ferguson* v. *Glidewell,* 48 Ark. 195 (2 S. W. 711); *Blyler* v. *Kline,* 64 Pa. 130; *Peebles* v. *Weir,* 60 Ala. 413; *Richard* v. *Mooney,* 39 Miss. 357; *Williams* v. *Gilkerson-Sloss Com. Co.* 45 La. 1031 (13 South. 394); *Cheatham* v. *Morrison,* 37 S. C. 187 (15 S. E. 924); *New Albany Mfg. Co.* v. *Sulzer,* 29 Ind. App. 89 (63 N. E. 873). The former, however, requires no action of the court, runs to the sheriff, and is not for the payment of the judgment recovered in the action. It is merely an engagement to redeliver the attached property, or pay the value thereof, to the sheriff, to whom execution upon a judgment obtained by the plaintiff in the action may be issued, and authorizes the sheriff to surrender the actual possession of the property to defendant or other person claiming it, but does not dissolve the attachment, nor withdraw the property from the operation of the lien thereof: *Drake* v. *Sworts,* 24 Or. 198 (33 Pac. 563); *Coos Bay R. R. Co.* v. *Weider,* 26 Or. 453 (38 Pac. 338); *Dickson* v. *Back,* 32 Or. 217 (51 Pac. 727). It, therefore, cannot

have the same effect as a bail bond or undertaking for the discharge of an attachment. It does not release the lien of the attachment, nor stand in the place of the attached property. The giving of such an undertaking is not an acknowledgment of the jurisdiction of the court or the validity of the attachment; and we have not been referred to, nor have we been able to find, any authorities holding that the giving of such a bond is an admission of jurisdiction over the person of the defendant.

4. An application to the court to discharge an attachment on giving an undertaking, conditioned to pay any judgment that may be recovered in the action, may well be held to be an acknowledgment of the jurisdiction of the court over the person, and render a defendant liable to be proceeded against, as in case of personal service; but no such effect can be accorded a mere undertaking to redeliver the attached property or pay its value to the officer to whom execution upon the judgment recovered by the plaintiff in the action may issue. The one is an obligation to pay any judgment which may be recovered if the attachment is dissolved by the court, and the other is a mere engagement of the obligors to redeliver the property or pay its value to the officer, in case plaintiff should recover judgment and execution should be issued thereon, and does not affect the lien of the attachment.

We are of the opinion, therefore, that the defendant did not submit itself to the jurisdiction of the court either by its motion to dismiss or plea in abatement or by giving the redelivery bond. Judgment of the court below is reversed.    Reversed.