Argued May 6, decided May 21, 1912.

## DAVIES v. OREGON PLACER & POWER CO.

[123 Pac. 906.]

CORPORATIONS—ACTION—VENUE—DOMICILE OR RESIDENCE—PLACE OF BUSINESS.

1. Under Section 44, L. O. L., providing that actions not otherwise specified shall be brought in the county where the defendants reside or may be found at the commencement of the action, and action against a domestic corporation, in which the complaint does not disclose where the cause of action arose, should be brought in the county where the defendant has its principal office or place of business; this being its residence, and it not being possible to find a corporation elsewhere.

CORPORATIONS—ACTIONS—SERVICE OF PROCESS.

2. Under Section 55, L. O. L., providing that, in actions against private corporations, the summons shall be served by delivering a copy to the president or other head of the corporation, secretay, etc., or, in case none of such officers reside or have an office in the county where the cause arose, then to any clerk or agent who may reside or be found in that county, or if no such officer be found, by leaving a copy at the residence or usual place of abode of such clerk or agent, while service upon a clerk or agent, which constitutes substituted service, must be made in the county where the cause arose, service on the president, secretary, etc., in an action properly brought in the county where the corporation has its residence, need not be made either in that county or the county where the cause arose; such service constituting quasi personal service.

CORPORATIONS—ACTIONS—SERVICE OF PROCESS—"FOUND."

3. Section 54, L. O. L., providing that the summons shall be served by the sheriff of the county where the defendant is found, has no application to an action against a corporation; it not being a defendant which "may be found" within the statutory meaning.

From Baker: WILLIAM SMITH, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by Titus E. Davies against the Oregon Placer & Power Company, commenced in the circuit court of Baker County, the complaint containing the following allegations:

"That at all times hereinafter mentioned the defendant, the Oregon Placer & Power Company, has been and still is a duly organized and incorporated company and corporation existing under and by virtue of the laws of

the State of Oregon, having its principal office and place of business in Sumpter, Baker County, State of Oregon, where it conducts a general mining business."

The complaint contains two causes of action, each for personal services rendered by the plaintiff to the defendant, first in November, 1905, and for the second count in November, 1906, the one for running a tunnel upon ground of the defendant, known as Griffith's placer, for a distance of 50 feet, at the agreed price of $300, and the other for services doing the annual assessment work on the same premises, and in repairing ditches and the like for which the defendant agreed to pay plaintiff the sum of $600. The plaintiff alleges performance on his part and failure to pay on the part of the defendant, and demands judgment. A summons in the usual form was issued, upon which appeared the following certificate of service:

"State of Oregon    }
    County of Multnomah    }  ss.

I hereby certify that I served the within summons within said State and county on the 18th day of May, 1910, on the within named Oregon Placer & Power Company, a corporation defendant, by delivering a copy thereof, prepared and certified to by me as sheriff, together with a copy of the complaint named in said summons, prepared and certified to by P. J. Bannon, attorney for plaintiff, to J. Frank Shelton, as secretary of said defendant corporation, Oregon Placer & Power Company, and to him personally and in person.

R. L. Stevens, Sheriff of Multnomah County, State of Oregon. By T. H. Bulger, Deputy."

On May 31, 1910, the defendant filed a motion as follows:

"Now comes the defendant, and appearing specially for this purpose and no other, moves the court to quash the service of summons herein for the reason that the same is insufficient to give this court jurisdiction

over the defendant or to authorize a judgment against said defendant"—which motion was signed by attorneys for defendant.

The court overruled this motion, and, the defendant refusing to further appear, rendered judgment according to the prayer of the complaint, together with an order for the sale of certain attached property. The defendant appeals.                                          AFFIRMED.

For appellant there was a brief submitted without argument over the names of *Mr. Samuel B. Huston, Mr. J. F. Shelton* and *Mr. Morton D. Clifford.*

For respondent there was a brief and an oral argument by *Mr. P. J. Bannon.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The record discloses the so-called residence of the defendant corporation to be in Baker County, State of Oregon. The complaint does not state where the contract for the services in question was made, nor where they were performed. Hence we are not enlightened as to where the cause of action arose. We may therefore lay aside the question of the jurisdiction of the circuit court so far as the same depends upon the place where the cause of action arose, for that basis of jurisdiction is not in this record. The place of trial of civil actions is determined by the provisions of Chapter 4 of Title 1, L. O. L. Actions for the recovery of real property, or an estate or interest therein, or for injuries to real property, or for the recovery of any personal property distrained for any cause, must be commenced and tried in the county in which the subject of the action or some part thereof is situated. Section 42, L. O. L.

"Actions for the recovery of a penalty or forfeiture imposed by statute and those against a public officer or person specially appointed to execute his duties for an

act done by him in virtue of his office, or against a person who, by his command, or in his aid, shall do anything touching the duties of ·such officer must be commenced and tried in the county where the cause or some part thereof arose." Section 43, L. O. L.

But Section 44 provides that:

"In all other cases the action shall be commenced and tried in the county in which the defendants, or either of them, reside or may be found at the commencement of the action."

As stated in *Hildebrand* v. *United Artisans,* 46 Or. 134 (79 Pac. 347: 114 Am. St. Rep. 852), "the residence of a corporation is deemed to be in the county in which it has its principal office or place of business, where it may at all times be sued." Again in *Holgate* v. *O. P. R. Co.,* 16 Or. 123, 125 (17 Pac. 859, 860), it is said "that the residence of the corporation, if an artificial person can be said to have a residence, must be deemed to be in the county * * where it has its principal office and place of business, and where it is required to pay its taxes. It has its entity in that county, which is permanently fixed until a change is made in its charter." Within the meaning of the language of Section 44, L. O. L., we cannot say that a corporation "may be found" anywhere in the State. Its situs is fixed by its articles of incorporation which are made a matter of public record open to all men. A search for it and a consequent finding as in case of a natural person, defendant, would be an idle and superfluous performance not within the purview of the statute. Hence, so far as transitory actions are concerned, the language of Section 44, L. O. L., can be construed to give a court jurisdiction of a corporation only because of its residence within the county where the court is holden. The general rule is that the corporation must be sued at its place of residence.

An exception to this rule has been devised, based upon a construction of the language of Section 55, L. O. L., hereinafter quoted, relating to the service of summons upon a private corporation, whereby an action may be brought against such a concern in the county where the cause of action arose, but, as we have seen, the exception does not apply to this case for the record is silent on that subject. Inasmuch, therefore, as the action was begun in the county of the residence of the defendant corporation, we conclude that it was properly commenced so far as venue is concerned.

2. Given, then a proper commencement of a transitory action, it remains to determine whether service of summons in the manner hereinbefore mentioned is sufficient to confer jurisdiction upon the court to render judgment according to the prayer of the complaint. Section 55, L. O. L., provides that:

"The summons shall be served by delivering a copy thereof together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the county clerk as follows: (1) If the action be against a private corporation, to the president or other head of the corporation, secretary, cashier, or managing agent, or in case none of the officers of the corporation above named shall reside or have an office in the county where the cause of action arose, then to any clerk or agent of such corporation who may reside or be found in the county, or if no such officer be found, then by leaving a copy thereof at the residence or usual place of abode of such clerk or agent.* *"

What is tantamount to personal service against an individual defendant is had against a private corporation when the summons is served upon the president or other head of the corporation, secretary, cashier, or managing agent. The other methods of acquiring jurisdiction sanctioned by Section 55, L. O. L., constitute substituted

service of summons.  The distinction between this *quasi* personal service of summons upon a corporation and substituted service when made upon a mere clerk or agent of the defendant company is pointed out in *Weaver* v. *Southern Oregon Co.,* 30 Or. 348 (48 Pac. 171), also in *Hilderbrand* v. *United Artisans,* 46 Or. 134 (79 Pac. 347: 114 Am. St. Rep. 852).   It is the uniform rule that, when substituted service is relied upon to confer jurisdiction, the facts authorizing such service must appear of record or the jurisdiction of the court will fail.   This principle, however, does not apply to personal service, and it would seem in good reason that if the action is commenced in the county of the residence of the corporation and summons is served upon one of the principal officers named in the statute amounting, as we have shown, to what is personal service as against an individual, the corporation has had sufficient notice to require it to appear and answer the complaint.   In *Bailey* v. *Malheur Irrigation Co.,* 36 Or. 54 (57 Pac. 910), a suit was commenced against the defendant, a Union County corporation, in the circuit court of Harney County. ' Service of summons was made upon the president in Union County, and the court held "that the service in the case at bar was valid, although the return does not show that none of the superior officers of the corporation resided or had an office in the county where the cause arose and was instituted, or that no clerk or agent of the company could be found in said county."

3. It is true that under the requirements of Section 54, L. O. L., "the summons shall be served by the sheriff of the county where the defendant is found."   This language must refer to natural persons, because, as we have already seen, a corporation defendant is not one of those who "may be found" in the statutory sense of

that language. This is consonant with the decision of this court in holding valid the service of summons in *Bailey* v. *Malheur Irrigation Co.*, 36 Or. 54 (57 Pac. 910). The venue of a transitory action against a natural person depends either upon his residence or where he may be found, but as to a corporation, so far as the language of Section 44 is concerned, it depends only upon its residence, because it cannot be found elsewhere. The language of Section 55, L. O. L., provides that the summons may be served by delivery to the principal officers therein named, but it does not say that in serving them any particular place is required for the delivery of the summons. The place of delivery is restricted by the language of that section only where resort is had to the substituted service upon the clerk or agent who must reside or be found in the county if service is to be had upon him. If no such officer be found, then it may be served by leaving a copy at the usual place of abode of such clerk or agent.

We find from the record, therefore, that the action, being a transitory one, was commenced in the county where the defendant resides. We discover, also, that the summons was served by delivering a copy thereof, together with a copy of the complaint prepared and certified, as the statute requires, to the secretary of the defendant corporation, one of the principal officers named in the statute upon whom was made as to the defendant corporation what is equivalent to personal service in the case of an individual defendant. He is one of the persons whom the law considers to be most conversant with the affairs of the corporation, and hence best qualified to defend its interest. In good reason sufficient notice has been imparted to the corporation to require it to attend and answer the complaint. Should a contrary construction be given to the statute., we

might easily conceive a case where the cause of action arose in the county of the residence of the defendant corporation where the officers of the corporation would reside in another county, and there would be no employe, or clerk, or agent of the corporation domiciled in the county of its residence, in which event, unless the construction here given is correct, the plaintiff rendering services to the corporation would be without remedy to recover his just dues.

Appellant relies strongly upon the following extract from the opinion deciding *Holgate* v. *O. P. R. R. Co.,* 16 Or. 123, 125 (17 Pac. 859, 860).

"It is necessary in the commencement of an action against a corporation, under the Civil Code of this State, in order to acquire jurisdiction over the person, that the return of service of summons shows that a duly authenticated copy thereof and of a copy of the complaint were delivered to one of the officers thereof designated in the said subdivision 1 of said Section 55 of the Code, either in the county where its principal office is situated, or in the county where the cause of action arose, or, in case none of such officers shall reside or have an office in the county where the cause of action arose, then to any clerk or agent of such corporation who may reside or be found in the county where the cause of action arose, or, if no such officer be found, then by leaving such copy at the residence or usual place of abode of such clerk or agent."

Taken literally in its broadest sense, without reference to other parts of the opinion, the quotation would seem to sustain the appellant's contention here. So far, however, as it rules that service of summons upon "the president or other head of the corporation, secretary, cashier, or managing agent" is restricted to delivery to any of such officers in the county where the principal office of the corporation is situated, it must be considered overruled as to cases commenced in the county where the corporation resides. The excerpt taken alone reads into

the statute a limitation as to the place of service which is not contained therein so far as it concerns the principal officers enumerated. That case was decided correctly because the corporation did not reside in Multnomah County where the proceeding was instituted, nor did the cause of action arise there. The language used was not necessary to the decision of the cause, and at best must be set down as dictum.

The judgment of the circuit court is affirmed.

AFFIRMED.