Appeal dismissed without an opinion December 22, 1914.
Motion to reinstate appeal denied June 20, 1915.
Motion to retax costs denied September 21, 1915.

## GROSS *v.* GAGE, SHERIFF.

(149 Pac. 939; 151 Pac. 655.)

**Appeal and Error—Perfecting of Appeal—Serving and Filing of Undertaking.**

1. An appeal is perfected five days after the filing and serving of the undertaking on appeal, where appellant does not, as authorized by Section 550, L. O. L., as amended by Laws of 1913, page 617, except within five days to the sureties.

**Appeal and Error—Filing of Transcript—Extension of Time.**

2. Under Section 554, L. O. L., as amended by Laws of 1913, page 618, providing for the filing of the transcript within 30 days after perfecting the appeal unless time for the extension of the filing has been granted within the time allowed to file transcript, or the appeal shall be deemed abandoned, the filing of the transcript within the specified time is jurisdictional, and an extension of time is ineffectual when not made within the time allowed to file transcripts.

**Costs—Appeal and Error—Briefs.**

3. Where the dismissal of an appeal was adhered to on hearing, where both the motion to reinstate the appeal and the merits were presented, respondent is not entitled to costs for expense in printing a brief on the merits, for by contesting the motion to reinstate the appeal he precluded consideration of the matter on the merits.

From Coos: JOHN S. COKE, Judge.

Department 1.    Statement by MR. JUSTICE HARRIS.

The defendant, W. W. Gage, as sheriff of Coos County, Oregon, attempted to appeal from a judgment for the plaintiff.

On December 22, 1914, this court dismissed the appeal for the reason that the transcript had not been filed within the time required by law. A motion to reinstate the appeal was submitted and argued in connection with a hearing of the cause on the merits. The judgment was obtained on May 28, 1914. The undertaking on appeal was served and filed June 29, 1914,

and on the same day the Circuit Court made an order granting until July 20th for filing the bill of exceptions. No exceptions were taken to the sureties on the undertaking. On July 17th an order was made extending the time for filing the bill of exceptions and transcript to and including August 5th. On August 4th the time for settling the bill of exceptions was extended to August 20th. The time to file the transcript on August 20th was again extended to September 10th, and finally, on September 9th, the time to file the transcript was extended to and including September 19th. The transcript and bill of exceptions were filed with the clerk of this court on September 19, 1914.

MOTION TO REINSTATE APPEAL DENIED.

*Mr. C. R. Wade,* for the motion.

*Mr. G. T. Treadgold, contra.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. The adverse party waives his right to except to the sureties in the undertaking unless he excepts within five days after the service of the undertaking; and upon the expiration of the time allowed to except to the sureties in the undertaking the appeal shall be deemed perfected: Section 550, L. O. L., as amended by Chapter 319 of the Laws of 1913. The appeal was perfected five days after June 29, 1914.

2. Within thirty days after the appeal is perfected the appellant must file the transcript with the clerk of this court; "but the trial court or the judge thereof, or the Supreme Court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within

the time allowed to file transcript''; and ''if the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated'': Section 554, L. O. L., as amended by Chapter 320 of the Laws of 1913.

The bill of exceptions was mentioned in the orders of June 29th, July 17th, and August 4th, but was not included in the order of September 9th. The transcript was included in the orders dated July 17th, August 20th, and September 9th, but was not included in the order of August 4th. The 30-day period allowed for filing the transcript after the appeal became perfected expired prior to August 20th. No order of the court was made extending the time for filing the transcript to August 20th, and consequently the order of August 20th was ineffective because not ''made within the time allowed to file transcript.'' The filing of the transcript is jurisdictional, and by the express mandate of the statute the appeal shall be deemed abandoned unless the transcript is filed within the time provided. This court has no authority to exercise any discretion, but the statute fixes an iron-clad rule which must be observed in order to give this court jurisdiction: *Schmidt* v. *Beatie,* 67 Or. 248 (135 Pac. 875).

The motion to reinstate the appeal is denied, and the order of dismissal is adhered to.

MOTION TO REINSTATE APPEAL DENIED.

ORDER OF DISMISSAL ADHERED TO.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BURNETT concur.

Denied September 21, 1915.

MOTION TO RETAX COSTS.

(151 Pac. 655.)

Department 1.    Statement by MR. JUSTICE HARRIS.

This is a motion to retax costs.

An order dismissing the appeal was made on December 22, 1914, and on June 29, 1915, a motion to reinstate the appeal was denied: *Gross* v. *Gage, ante,* p. 421 (149 Pac. 939). For the purpose of accommodating the attorneys who appeared for the litigants, and for the sake of expediency, the motion to reinstate the appeal and the merits of the cause were presented at the same hearing. Briefs discussing the merits of the issues arising from the pleadings were filed by the parties.

After the final order made June 29, 1915, the respondent filed his cost bill, and now complains because the clerk of this court disallowed an item of $47 claimed as the expense of printing the brief filed by plaintiff.

MOTION DENIED.

*Mr. G. T. Treadgold,* for the motion.

*Mr. C. R. Wade, contra.*

MR. JUSTICE HARRIS delivered the opinion of the court.

3. This court was without jurisdiction to hear the appeal because the transcript was not filed within the time commanded by statute. The printed brief mentioned in the cost bill related only to the merits of the litigation, and did not refer to the motion to reinstate the appeal. It was necessary to dispose of the motion to reinstate the appeal before the cause could be con-

sidered on the merits; but, because of the fact that it would be convenient for the attorneys and would accommodate all the interested parties, both the motion and the merits of the litigation were heard at the same time. By contesting the motion to reinstate the appeal, the respondent in effect objected to a consideration of the merits of the cause; and now he demands to be paid for a printed brief which he successfully contended the court had no right to consider, and which the court in fact did not examine because of a want of jurisdiction. In *Oregon Elec. Ry. Co.* v. *Terwilliger L. Co.,* 51 Or. 107, 115, (93 Pac. 930), Mr. Justice MOORE, speaking for the court, says:

"No party respondent should be permitted to recover any item of disbursement incurred after the trial of the cause in the lower court, when his motion to dismiss an appeal for want of jurisdiction is sustained."

The respondent was not legally entitled to any part of the amount claimed, and for that reason the clerk properly disallowed the item, even though no objection was made by the appellant: *Sommer* v. *Compton,* 53 Or. 341 (100 Pac. 289).

The motion to retax the costs is denied.

MOTION DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BURNETT concur.