UNITED STATES ex rel. BOYCE v. FOLSOM, Com'r.

(First Division. Juneau. December 29, 1906.)

No. 481A.

1. MANDAMUS (§ 61*)—JUSTICE OF THE PEACE.

Mandamus will lie to compel a justice of the peace to act as a committing magistrate in matters within his jurisdiction.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 122; Dec. Dig. § 61.*]

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

2. STATUTES (§ 206*)—CONSTRUCTION.

It is a well-established rule of statutory construction that statutes shall, whenever possible, be interpreted so that no part shall be ineffectual.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 283; Dec. Dig. § 206.*]

3. INDICTMENT AND INFORMATION (§ 4*)—PROPER FORM OF ACCUSATION —VIOLATION OF LIQUOR LAWS.

Prosecutions for selling liquor without a license may be begun, under section 474 of the Code of Criminal Procedure of Alaska, either by information filed by the marshal or deputy, or by the district attorney or deputy before the commissioner as justice of the peace, or by indictment by the grand jury, and the prosecuting officer has power to determine which method he will employ. When he does determine the method, it is the duty of the commissioner, as ex officio justice of the peace, and he may be compelled by mandamus, to act and give effect to the remedy provided by statute and chosen by the prosecuting officer.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 4.*]

John J. Boyce, U. S. Atty.
L. P. Shackleford, for defendant.

GUNNISON, District Judge. This matter arises upon the application of the United States attorney for a peremptory writ of mandamus to compel H. H. Folsom, commissioner and ex officio justice of the peace for the Juneau precinct, to act as an examining magistrate in a certain matter in which one Bernard Hines is charged with the violation of chapter 44 of the Alaska Code of Criminal Procedure; that is, the crime of selling liquor without a license. The application is made for the purpose of obtaining a construction of section 474 of that chapter, which is as follows:

"Sec. 474. Procedure.—That prosecutions for violations of the provisions of this act shall be on information filed in the district court,

or any subdivision thereof or before a United States commissioner by the United States Marshal or any deputy marshal, or by the district attorney or by any of his assistants. Or such prosecution may be by and through indictment by grand jury, and it shall be the duty of either of said officers, on the representation of two or more reputable citizens, to file such information, or to present the facts alleged to constitute violations of the law to the grand jury."

The contention of the government is that this section gives to either of the officers acting under this section an election as to the tribunal in which he shall prosecute the person charged with this crime, which is specified in section 472, and that, should the election be to prosecute under the last part of section 474, by presenting the matter to the grand jury, he should be entitled to all the requisite machinery of the law to enable him to prosecute effectively. In other words, if the election be to present the matter to the grand jury, he should be entitled to have the person charged brought before a commissioner sitting as a committing magistrate for a preliminary examination, and by the magistrate either discharged or held for the grand jury, as the evidence there adduced shall to him seem to warrant.

The commissioner contends that he has no jurisdiction to sit as a magistrate in a preliminary examination in a prosecution under this section, and calls the court's attention to section 410, which declares what shall be the criminal jurisdiction of a justice court, and particularly to subdivision 3 thereof, which provides:

"That a justice's court has jurisdiction of the following crimes: * * * Third. Of any misdemeanor punishable by imprisonment in the county jail, or by fine, or by both."

It is a well-established rule of statutory construction that statutes shall, whenever possible, be interpreted so that no part shall be ineffectual. Section 474 unquestionably gives to either of the officers named the power to elect whether the

prosecution shall be on information before the district court, or before the commissioner, or by presenting the matter to the grand jury. No other interpretation is possible. No right of the accused is overridden by that construction. Should the election be to prosecute the case before the commissioner as an ex officio justice of the peace, he would, of course, have jurisdiction to try the cause, and convict or acquit.

But suppose it is elected to take the matter to the grand jury. The officer might, if no grand jury were in session when the matter was called to his attention, wait until a grand jury is impaneled before acting. But should he be compelled to hold a matter in abeyance because there is no grand jury to which he can at the moment present the matter, and of necessity permit the violation to continue unchecked? Certainly not, if by any reasonable interpretation of the statute he can have resource to the ordinary procedure in matters to be presented to a grand jury.

The crime of selling liquor without a license in Alaska is based upon a special statute, none the less special because enacted into and made a part of the Code. It does not fall within the clearly defined lines of either a felony or a misdemeanor. And whether the crime be a felony or a misdemeanor, still the grand jury may investigate it. While the commissioner has jurisdiction, it is not exclusive. It is true, under section 440, that when the commissioner, during the trial of a person charged with a crime, becomes satisfied that the crime is not such as he has jurisdiction to try, he must dismiss the action, and then proceed as a committing magistrate; but nowhere in the Code is the commissioner declared to have exclusive jurisdiction of any single crime. If he have no jurisdiction to try, he must act as a committing magistrate. Under section 474, the district attorney or the marshal has the power to say whether or not the commissioner shall take jurisdiction of that particular crime, and, if that power is exercised by elect-

ing to prosecute through the grand jury, he has the right to all the machinery of the law to aid him, and the commissioner should, when such election has been made, act in accordance therewith.

Let the writ issue.