Argued November 10, decided December 27, 1910.

## WHITTIER v. WOODS.

[112 Pac. 408.]

Justices of the Peace—Appearance—General or Special.

1. Though, in an action before a justice of the peace, defendant's motion to quash service of the summons, alleged, among other grounds, that the original complaint was not signed, and that it did not state facts sufficient to constitute a cause of action, the motion did not constitute a general appearance, where the only relief asked in the motion was to quash the service of summons.

Process—Motion—Motion to Quash—Scope.

2. In a motion to quash service of process, the defendant cannot question the sufficiency of the complaint.

JUSTICES OF THE PEACE—PROCEDURE IN CIVIL CASES — PROCEEDINGS
    PRELIMINARY TO TRIAL.

3. Prior to judgment, the plaintiff in a justice's court must take notice of all pleadings filed; but, if the case is called during the absence of counsel, counsel are entitled to notice, for they are not expected to continuously sit in a court which is always open.

JUSTICES OF THE PEACE — OBJECTIONS TO JURISDICTION — MOTION TO
    QUASH—MOTION TO AMEND.

4. Where a plaintiff asks leave of the justice for the constable to amend his return of service, it is a confession of a motion to quash such return, and therefore a defendant is not subject to the jurisdiction of the court by an appearance in such motion.

JUSTICES OF THE PEACE—SERVICE—DELIVERY AT RESIDENCE—RETURN—
    SUFFICIENCY—STATUTE.

5. Section 55, B. & C. Comp., providing that summons and complaint shall be delivered to the defendant personally or, if he be not found, to some person of the family, being in derogation of the common law, is to be strictly construed and only resorted to when the defendant cannot be found. And hence a constable's return of process issued by a justice of the peace, reciting: "I could not find said defendant on the day said summons was delivered to me"—was insufficient, as it does not appear that defendant was without the county or could not be found by proper diligence.

From Baker:   WILLIAM SMITH, Judge.

Statement by MR. JUSTICE EAKIN.

This is a proceeding to review a judgment of the justice's court. From the record it appears that an action was commenced in the justice's court for Huntington precinct, by defendant Thomason, against the petitioner, Whittier, to recover $94.50 upon a debt. Summons was issued thereon March 7, 1910, requiring defendant to appear within seven days from the date of service, and was delivered to the constable for service. A return of service was made thereon and filed the same day, which is conceded to have been insufficient to give the court jurisdiction of the defendant. Judgment was rendered against the defendant, based on the return, on March 15th. On March 25th defendant, by special appearance, for the purpose of the motion and no other, moved the court "to quash and set aside the service of summons herein for the following reasons, to wit:   (1) The original complaint in said cause was not signed by the

plaintiff or by his attorneys. (2) The copies left at defendant's residence were not true copies of the complaint and summons. (3) The service of said complaint and summons was not in accordance with the provisions of the statute. (4) No legal service of the complaint or summons was made upon the defendant. (5) The complaint does not state facts sufficient to constitute a cause of action." On May 3d plaintiff moved the court to vacate the judgment theretofore entered and for leave to the constable to amend his return on the summons to conform to the facts, which was allowed. Thereupon the constable filed a new return, in which he states that he served the summons on March 7, 1910, on the defendant by delivering the certified copies of the summons and complaint to Maranda Whittier, wife of defendant, a member of his family over the age of 14 years, "such delivery and service being by me so made because of the fact that I could not find said defendant on the day said summons was delivered to me and by me served as aforesaid"; and that the delivery was made at the dwelling house of defendant in said county and state. Application was made by plaintiff for judgment thereon May 3, 1910, which the court refused, pending the motion to quash. Plaintiff then moved to strike out the motion to quash for the reason that the same was not served upon him, and therefore not entitled to be filed. This motion was allowed and judgment was rendered against defendant for the amount of the debt. Upon this state of the record, as shown by the petition, a writ was issued by the circuit court, and at the hearing upon the record the writ was dismissed, and petitioner appeals.          REVERSED.

For appellant there was a brief with oral arguments by *Messrs. Hart & Nichols.*

For respondent there was a brief with oral arguments by *Messrs. Saxton & Godwin.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Two questions going to the jurisdiction of the court arise: (1) Was the motion to quash a general appearance of the defendant? (2) If not, was the amended return upon the summons sufficient to give the court jurisdiction of the defendant? It is contended that the first and fifth grounds of the motion are attacks upon the complaint, and amount to a general appearance, but this cannot be conceded. The only relief sought is to quash the service of the summons, and the five reasons assigned are only so designated for the purpose of showing the defect in the service. The first and fifth assignments can have no hearing upon the sufficiency of the complaint in deciding this motion. If the mover asks for some relief, which necessarily assumes that the court has jurisdiction of him, it will amount to a general appearance. But, so long as he keeps out of court for every purpose except to question its jurisdiction of him, the appearance is not general. This question is settled by the opinion of Mr. Justice BEAN in *Belknap* v. *Charlton,* 25 Or. 41 (34 Pac. 758) :

"Where the defendant appears and asks some relief which can be granted only on the hypothesis that the court has jurisdiction of the cause and the person, it is a submission to the jurisdiction of the court * * whether such an appearance by its terms be limited to a special purpose or not. * * If he asks the court to adjudicate upon some question affecting the merits of the controversy, or for some relief, which presupposes jurisdiction of the person, and which can be granted only after jurisdiction is acquired, he will be deemed to have made a general appearance, and to have submitted himself to the jurisdiction of the court, and cannot, by any act of his, limit his appearance to a special purpose. But, if granting the relief asked would be consistent with a want of jurisdiction over the person, he may appear for a special purpose without submitting himself to the jurisdiction of the court for any other purpose."

To the same effect are *Meyer* v. *Brooks,* 29 Or. 203 (44 Pac. 281 : 54 Am. St. Rep. 790), and *Winter* v. *Union Packing Co.,* 51 Or. 99 (93 Pac. 930).

2. In this motion the defendant asks for no other relief than to quash the service of the summons, which can only be granted for some defect in its substance or in the return of service, whereby it is insufficient to give the court jurisdiction of the defendant. The defendant cannot question the insufficiency of the complaint by such a motion, nor the court consider or grant to defendant any relief by reason thereof. Neither can the court strike out the motion for want of service, as there is no law requiring the service of pleadings in the justice's court.

3. Prior to judgment the plaintiff is in court and must take notice of pleadings filed. If the case is called up in the absence of counsel, the court should give them notice of the hearing, as counsel are not presumed to sit continuously in the court which is always open. Section 924, B. & C. Comp. We must treat the judgment as void, as the justice did in setting it aside (*White* v. *Brown,* 54 Or. 7, 12 : 101 Pac. 900) ; the record not showing that the court had jurisdiction of the defendant.

4. However, the motion of plaintiff thereafter, asking leave of the court for the constable to amend his return of service, was a confession that the first return was not sufficient to sustain the judgment, and the defendant was not, therefore, subject to the jurisdiction of the court by reason of such appearance.

5. As to the effect of the amended return, Section 55, B. & C. Comp., provides that the copies of the summons and complaint shall be delivered "to the defendant personally or, if he be not found, to some person of the family," etc. Therefore service upon a member of the family is a substituted service, in which the defendant is presumed to be within the jurisdiction of the court, and receives the notice so served, and it is deemed an

actual service upon him.  But such service is a statutory deviation from the common law, which required personal service.  The statute must be fully complied with and can be resorted to only when the defendant cannot be found.  32 Cyc. 461; 19 Am. & Eng. Enc. Law (2 ed.) 620.  This is the holding in *Trullenger* v. *Todd,* 5 Or. 39, in which Mr. Justice PRIM says:

"The statute, in providing how service shall be made, evidently implies that when a summons is placed in the hands of an officer for service that he will use ordinary diligence, at least, to find the party against whom the summons is issued, in order that he may make personal service upon him, but after using ordinary diligence, if he should fail to find such party, constructive (substituted) service may be made—and, when such service is made, the certificate should contain the fact that the party could not be found."

And, in the absence of such statement in the certificate, the service was held void.  This decision was approved in *Hass* v. *Sedlak,* 9 Or. 462, 464, holding that the certificate was a nullity.  It is also approved in *Settlemier* v. *Sullivan,* 97 U. S. 444, 447 (24 L. Ed. 1110).  The statement in the certificate, before us that "I could not find said defendant on the day said summons was delivered to me" does not show a compliance with this requirement.  It is no indication that the officer did not then know where defendant was within the county, but only that he did not have time that day to search for him.  The law contemplates that if defendant is within the county and not in hiding—that is, if he can, by the exercise of diligence, be found within the county—the officer must serve him personally.  The return was insufficient to give the court jurisdiction of the defendant, and the motion to quash the service should have been allowed, it being insufficient to give the court jurisdiction of the defendant.

The judgment of the circuit court will be reversed; the writ of review sustained; and the cause remanded to the lower court, with directions to vacate and set aside the judgment of the justice court, and for such further proceedings as may be proper, not inconsistent with this opinion; petitioner to recover his costs and disbursements.          REVERSED.