Argued March 24, affirmed April 20, rehearing denied June 29, 1920.

## BEEDLE *v.* STONDALL LAND AND TIMBER CO.*

(189 Pac. 427.)

**Corporations—Act Authorizing Service Through Corporation Commissioner Without Retroactive Effect.**

1. Act authorizing service of summons on foreign corporation through corporation commissioner for state did not have retroactive effect, authorizing service on corporation which at time of passage of act and its taking effect had no organization or agent within state, and had retired from state and ceased to do business therein three years before; it being immaterial commissioner transmitted summons to home office of corporation.

**Process—Service of Summons in One State Does not Give Courts of Other State Jurisdiction.**

2. The courts of one state cannot get jurisdiction by service of summons in another state.

---

*For a discussion of the question of acquiring jurisdiction over foreign corporations when they remain out of the state, see note in 70 L. R. A. 530.                                   REPORTER.

Appearance—Motion to Quash Summons not Answer on Merits Amounting to "General Appearance."

3.  Motion of defendant foreign corporation to quash summons attempted to be served on it through corporation commissioner *held* not in nature of answer on merits to amount to "general appearance" and give court jurisdiction without regard to sufficiency of service.

From Washington: GEORGE R. BAGLEY, Judge.

Department 2.

In this case the defendant is a Wisconsin corporation, and the plaintiff brings this action to recover damages for the alleged breach of a contract by which the plaintiff was empowered to sell a large amount of timber for the defendant company, and for the sale of which he was to receive a commission of 5 per cent of the selling price.  There was a motion to quash the summons in the court below, which was decided in favor of the defendant, and the decision upon this motion presents the only question upon the appeal.

The affidavits offered by the defendant, upon which the court based its decision quashing the summons, were undisputed and tended to show that it sold out all of its business in the State of Oregon, in the year 1914—three or four years before the commencement of this action—and removed from the state, and had not since said time transacted any business whatever in the state.  About that time its agent in the state resigned and no other agent was appointed.  On the sixteenth day of January, 1917, the authority of the company to do business was revoked by proclamation of the Governor of the state.

The service of summons upon the defendant was made upon the corporation commissioner for the State of Oregon, who forwarded the papers to the

defendant's office in the State of Wisconsin. It is claimed on behalf of the defendant that such a service was void, and on behalf of plaintiff that it was valid, and, in addition thereto, plaintiff contends that defendant's motion to quash the summons was in the nature of an answer and general appearance, and that it cannot, therefore, question the sufficiency of the summons.                                          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Wm. H. Hallam.*

For respondent there was a brief over the names of *Mr. Guy C. H. Corliss* and *Messrs. Giltner & Sewall,* with oral arguments by *Mr. Corliss* and *Mr. Russell E. Sewall.*

BENNETT, J.—We do not think that the service of summons in this case was sufficient to give the court jurisdiction in a personal action of this kind. At the time of the execution of the contract, both the plaintiff and defendant were residents of the State of Wisconsin, and the contract was executed there. There is nothing to show that the contract was to be fulfilled in the State of Oregon, unless that can be assumed from the mere fact that the property to be sold was situated in this state.

There is a very evenly balanced conflict between the authorities as to whether such contract executed between residents in another state and entered into in another state, is a contract which can be enforced against a foreign corporation in the courts of this state, upon a constructive service, designated by such legislative acts as the one in question, even though the corporation is continuing to do business and to keep an agent within the state.

1. In this case, however, it is made to appear by the undisputed affidavits filed by the defendant, that the defendant corporation had withdrawn from the state more than three years prior to the institution of the action, and that it had no property or business interests within the state thereafter, and before the commencement of this action, the authority of the company to do business in Oregon was revoked.

The act authorizing service in such a case as this, upon the corporation commissioner, did not go into effect until May 19, 1917. At that time the defendant, as we have already seen, had long since withdrawn from the state, and was not transacting any business and had no interests within the state. Under this condition we think it entirely plain that the law would not have a retroactive effect, which would authorize such a service of summons upon a corporation which had, at the time of its passage, no organization or agent within the state, and which had retired from the state and ceased to do business therein three years before.

2. The fact that the corporation commissioner transmitted the summons to the office of the defendant in Wisconsin, could not affect the matter or give the court any jurisdiction in the cause. Ever since the decision in *Pennoyer* v. *Neff,* 95 U. S. 714 (24 L. Ed. 565, see, also, Rose's U. S. Notes), it has been settled law that the court of one state could not get jurisdiction by service of its summons in another state.

In that case it was said by a court, whose decisions are binding and controlling upon all the courts of all the states upon such a question:

"Process from the tribunals of one state cannot run into another state, and summon parties there

96 Or.—38

domiciled to leave its territory and respond to proceedings against them. * * Process sent to him out of the state, and process published within it, are equally unavailing in proceedings to establish his personal liability.''

3. It is earnestly urged, however, on behalf of the plaintiff, that the motion of the defendant to quash the summons was in the nature of an answer on the merits, and therefore amounted to a general appearance, and gave the court jurisdiction without regard to the sufficiency of the service of summons.

The motion on behalf of defendant was as follows:

''Now comes the defendant above named, by its attorneys, specially and only for the purpose of this motion and not otherwise, and moves the court, on the affidavits of Russel E. Sewall and R. L. Sabin, filed herein and on the files of this cause as presented herewith, to vacate and set aside the attempted service of the summons on said defendant as unauthorized, illegal and void, for the following reasons, to wit:

''That heretofore and on January 16, 1917, the authority of said defendant to do business in the state of Oregon was revoked by proclamation of the Governor of Oregon, and that said corporation has not transacted any business of any kind in the state of Oregon since said last-named date; that said corporation had not, at the time of the filing of said complaint or at any time since, any property or place of business or resident agent or attorney or other representative in the state of Oregon upon whom service could be had.''

We think this paper could not be considered as an answer in any sense at all. It did not purport upon its face to be an answer, but a motion, and it had no characteristics of an answer.

An answer, under the Code, runs in the name of the defendant and puts in issue the allegations of

the complaint, or presents in orderly form an affirmative defense. It must be verified and ordinarily asks for relief which is decisive of the cause, for a dismissal or a judgment for the defendant. None of these were found in this paper.

"A special appearance, designating the particular purpose for which the party appears, limits the appearance to that particular matter": *Kinkade* v. *Myers*, 17 Or. 470.

"A defendant may appear specially without submitting himself to the jurisdiction of the court": *Winter* v. *Union Packing Co.*, 51 Or. 97 (93 Pac. 930).

"Where a defendant has appeared specially and moved to quash the service of summons, and that is the only relief he asks from the court, the fact that he assigns the insufficiency of the complaint as one of the grounds of his motion, does not make his appearance a general one and give the court jurisdiction over him": *Whittier* v. *Woods*, 57 Or. 432 (112 Pac. 408).

The judgment of the court below should be affirmed.          AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and HARRIS and JOHNS, JJ., concur.