Original proceeding in mandamus, argued May 10; peremptory writ denied June 28, 1938

## STATE EX REL. METHODIST OLD PEOPLE'S HOME ET AL. v. CRAWFORD

(80 P. (2d) 873)

In Banc.

*Charles M. Thomas* and *A. E. Clark*, both of Portland (Charles M. Thomas, Clark & Clark, and R. R. Bullivant, all of Portland, on the brief), for relators.

*Alfred A. Hampson* and *Frank C. McColloch*, both of Portland (Dey, Hampson & Nelson and Frank C. McColloch, all of Portland, on the brief), for defendant.

BAILEY, J. This is an original proceeding in this court brought by Methodist Old People's Home, a corporation, and others, as relators, against the Honorable James W. Crawford, judge of the circuit court of the state of Oregon for Multnomah county, for a peremptory writ of mandamus directed to and requiring the said defendant to set aside a certain order made by him and entered December 31, 1937, in a case then pending in the above mentioned circuit court, wherein the

present relators were plaintiffs and Portland Gas & Coke Company, an Oregon corporation, and others were defendants, and to proceed to hear and determine that litigation. To the alternative writ the defendant has demurred.

The facts giving rise to this proceeding are substantially the following: Methodist Old People's Home, a corporation, and the other relators as plaintiffs instituted a suit in the circuit court for Multnomah county, against Portland Gas & Coke Company, an Oregon corporation, American Power & Light Company, a Maine corporation, and Electric Bond & Share Company, which is mentioned in the complaint as a Maine corporation but is in fact a New York corporation. It is alleged in the complaint in that suit that the plaintiffs are the owners of 36 shares of the cumulative preferred stock of Portland Gas & Coke Company of the par value of $100 each, and that the suit is brought "on behalf of themselves as stockholders of Portland Gas & Coke Company and all other stockholders of said company similarly situated, who wish to join herein, and in behalf of the defendant Portland Gas & Coke Company".

The complaint alleges that the authorized capitalization of Portland Gas & Coke Company consists of 330,000 shares of common stock of no par value, all of which is owned by the defendant American Power & Light Company, 60,000 shares of 7 per cent cumulative preferred stock of the par value of $100 each and 50,000 shares of 6 per cent cumulative preferred stock of the par value of $100 each; that in 1932 there were only 63,280 shares of preferred stock outstanding; and that during the years 1932, 1933 and 1934 Portland Gas & Coke Company paid only a part of the dividends on its preferred stock, and in 1935 paid nothing at all.

The complaint was filed in 1935, and at that time the market value of the preferred stock was about thirty-five cents on the dollar. The complaint charges that in 1910, through the manipulations of the defendants American Power & Light Company and Electric Bond & Share Company, the defendant Portland Gas & Coke Company was organized and the power company acquired 30,000 shares of the latter company's common stock, of the par value of $100 per share, by paying only $513,000, and that the said power company thereby received stock of the par value of $2,487,000 without the payment of any consideration therefor, for which amount the said power company is still indebted to Portland Gas & Coke Company. In 1928 the said 30,000 shares of stock of the par value of $100 a share were surrendered to Portland Gas & Coke Company, and the defendant American Power & Light Company received therefor 330,000 shares of common stock of Portland Gas & Coke Company of no par value, which stock is still held by said power company. During the time that the power company has held these shares of stock it has been paid as dividends thereon sums in excess of $3,500,000.

The complaint further avers that from the time of its organization to the date the suit was instituted Portland Gas & Coke Company has been under the domination and control of American Power & Light Company, which latter company has at all times been the owner of all the common stock of Portland Gas & Coke Company; that because of the domination exercised over it by American Power & Light Company, the Portland Gas & Coke Company has refused to enforce payment by the power company for the stock held by it, or to have returned to it the dividends on the common stock which are alleged to have been unlaw-

fully paid to the power company; that Portland Gas & Coke Company, acting under the control and direction of American Power & Light Company, sold its preferred stock in Oregon and elsewhere to the public generally, at par or better, upon the representation, among other things, that the common stock issued to American Power & Light Company had been fully paid for; and that by reason of paying dividends to American Power & Light Company on the stock which was illegally issued to it without consideration, Portland Gas & Coke Company has not had sufficient funds on hand with which to pay dividends on its preferred stock.

It is alleged that from time to time American Power & Light Company has advanced sums of money to Portland Gas & Coke Company, not all of which were repaid when this suit was commenced, and that Portland Gas & Coke Company intends to repay such advances and refuses to offset the money which has been advanced to it against the sums due to American Power & Light Company.

The plaintiffs in their said suit pray, among other things, for the following relief: (1) That the corporate stock so illegally issued without consideration be canceled or that American Power & Light Company be required to pay therefor; (2) that American Power & Light Company be required to account for and repay the dividends illegally declared and paid on such stock; (3) that an accounting be had between American Power & Light Company and Portland Gas & Coke Company to determine what sums the latter owes the former on account of advances made, and that the amount of such advances, if any, be offset against the amounts found due from American Power & Light Company; (4) that until final determination of the suit, Portland Gas & Coke Company be restrained from recognizing the validity of

such corporate stock or permitting American Power & Light Company to vote the same; and (5) "that the defendants and each of them be required to disclose, make discovery, allow plaintiffs to inspect and produce at the trial all corporate records, books of accounts and files, having to do with, concerning or relating to the original issue of 30,000 shares of common stock of Portland Gas & Coke Company" and to permit inspection of other documents pertaining to the issues involved in the suit.

The defendants American Power & Light Company and Electric Bond & Share Company entered separate special appearances and moved to quash the attempted service of summons and complaint upon them outside the state of Oregon. The motion of Electric Bond & Share Company was allowed, and it is no longer a party to the litigation. On the other hand, the motion of American Power & Light Company to quash service was denied. Thereafter the defendant American Power & Light Company filed in the circuit court its motion "to limit issues as to defendant American Power & Light Company", in which motion it was stated that the said defendant was appearing specially and for the sole purpose of challenging the general jurisdiction "of this court over the person of this defendant and limiting the scope of the issues between plaintiffs and this defendant to those allegations and those allegations alone which directly relate to and concern this defendant's interest or title to the 24,870 shares of common stock of Portland Gas & Coke Company, the ownership of which by this defendant and the validity of which are challenged by said complaint, and not otherwise." The motion further requested an order of the court to the effect that the jurisdiction of the court over that defendant was limited to the 24,870

shares of stock in Portland Gas & Coke Company and any other property which the moving defendant might have in the state of Oregon, and that the court was without jurisdiction over that defendant for any other purpose. The motion asked that the said defendant be granted leave and authority to appear specially in the suit for the sole purpose of protecting its interest in and title to the common stock of Portland Gas & Coke Company and any other property which it had in the state of Oregon "without thereby acknowledging, creating or conferring any jurisdiction on the above entitled court over the person of said defendant, or entitling plaintiffs herein, if successful, to a personal judgment or other relief *in personam* against American Power & Light Company."

Thereafter the Honorable James W. Crawford as judge of the circuit court made an order which, after reciting the substance of the above mentioned motion, continues as follows:

"Now, therefore, it is considered, ordered and adjudged:

"(1) That the said motion be and the same hereby is in all things allowed.

"(2) That the jurisdiction of this court in this suit over defendant American Power & Light Company is special only as provided in section 7-106, Oregon Code 1930, and is limited to jurisdiction over the 24,870 shares of common stock of defendant Portland Gas & Coke Company, the ownership of which by defendant American Power & Light Company and the validity of which are challenged by said complaint, and any other property of said defendant American Power & Light Company in this state at the time jurisdiction herein attached.

"(3) That defendant American Power & Light Company be and it hereby is granted leave and authority to appear specially herein for the sole purpose of pro-

tecting its interest in and its title to said common stock, and any other property of said defendant in this state at the time jurisdiction herein attached, without thereby acknowledging, creating or conferring upon this court any general jurisdiction over the person of said defendant or over any property of said defendant, except such property as may have been within this state at the time jurisdiction herein attached.

"(4) The defendant American Power & Light Company is hereby granted twenty (20) days within which to answer or otherwise plead."

We are not at this time concerned with the merits of the suit instituted by the relators herein against Portland Gas & Coke Company and others, the grounds of which litigation have hereinabove been briefly summarized.

The defendant in this proceeding presents two contentions in his brief: "First, that the order which is here challenged is not subject to review by the supreme court *at this time in any proceeding or at any time by an original proceeding in mandamus* (although of course reviewable at the proper time on appeal of the principal case), and second, that if reviewed, it must be sustained because it is sound in law."

■ Section 8-302, Oregon Code 1930, provides that the writ of mandamus may be issued to any inferior court or to an officer, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, "but though the writ may require such court, * * * officer or person to exercise its or his judgment, or proceed to the discharge of any of its or his functions, it shall not control judicial discretion. The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law." In view of the plain language of the foregoing section and many adjudications

of this court, it is not necessary here to cite authority to the effect that mandamus does not lie to control judicial discretion.

■■ As a general rule, mandamus lies to require inferior courts to act, but it will not compel them to decide disputed questions of fact in a particular way. In a number of instances this court has issued peremptory writs of mandamus to require circuit judges to settle bills of exceptions, but in so doing it has left to those judges the right to exercise discretion as to what to put into the bills of exceptions in the event of controversy: *National Council v. McGinn,* 70 Or. 457 (138 P. 493); *State ex rel. Coast Holding Company v. Ekwall,* 144 Or. 672 (26 P. (2d) 52). When an inferior court has erroneously refused to proceed with the trial of a case because of supposed lack of jurisdiction, mandamus is the proper remedy to compel it to exercise its functions and assume jurisdiction of the cause: *State ex rel. Sullivan v. Tazwell,* 123 Or. 326 (262 P. 220); *State ex rel. Kahn v. Tazwell,* 125 Or. 528 (266 P. 238, 59 A. L. R. 1436); *State ex rel. Martin v. Superior Court,* 101 Wash. 81 (172 P. 257, 4 A. L. R. 572).

In *State ex rel. Sullivan v. Tazwell,* supra, the circuit court for Multnomah county was directed by mandamus to entertain jurisdiction of an action for damages instituted by the relator, Edward Sullivan, against the Luckenbach Steamship Company, Inc., for personal injuries which the plaintiff suffered "while about to enter on his duty as a pilot" on a steamship operated by the defendant company. Summons was duly served on the defendant, which was a Delaware corporation that maintained offices for the transaction of business in the state of Oregon. The steamship

company appeared specially and moved to quash the service of summons, for the reason that the action was brought under the Jones merchant marine act, and that therefore the circuit court did not have jurisdiction to hear the cause. The motion to quash service was sustained and mandamus proceedings were brought in this court to require the circuit court to assume jurisdiction and try the case.

In allowing the peremptory writ this court stated that the motion to quash service of summons was sustained not on the ground that summons had not been properly served but for the reason that the circuit court was of the opinion that it did not have jurisdiction over the steamship company. There was no controversy regarding that court's jurisdiction of the subject matter of the action, but the contention of the defendant was that the plaintiff in the action could avail himself of the provisions of the Jones act only in the district where the defendant resided or had its principal office. In passing on the subject this court said:

"There is no doubt that the circuit court of Multnomah county has inherent power to hear the case of the relator *versus* Luckenbach Steamship Company. That court has refused to hear that case. He has refused because he disclaims jurisdiction over the person of the defendant in that action. The law seems to be well settled that where a court declines jurisdiction by a mistake of law, *mandamus* will lie to compel him to proceed to hear and determine the case:" citing numerous authorities. "No question of fact is involved. The attitude of the defendant in refusing to entertain jurisdiction is equivalent to refusal to perform his duty enjoined by law. Defendant has no authority or right to say to the plaintiff in the litigation that he will not entertain his action unless plaintiff will waive a right the law gives him. It is the clear duty of the circuit court to hear the case instituted by the relator against

the steamship company and determine the issues according to the law as they arise in the course of the trial. * * *

"Defendant concedes that relator could proceed to trial under his complaint and prosecute his action to a final judgment if he would waive the benefits of the Jones act. * * *

"It may be possible that relator by some circuitous proceeding might have his cause determined, but such proceeding would not be plain, speedy or adequate."

The supreme court of Washington in *State ex rel. Martin v. Superior Court,* supra, speaking through Mr. Justice Chadwick, discussed at great length the uses of the writ of mandamus as applied in instances of the refusal of inferior courts to assume jurisdiction of matters pending before them. Among other things, it was said:

"Jurisdiction is the power to hear and determine. It is the power by which courts take cognizance of and decide cases.

" 'Jurisdiction is of two sorts—jurisdiction over the subject-matter, and jurisdiction over the party with reference to that subject-matter.' Words & Phrases, Vol. 4, p. 3884.

" 'It is settled beyond controversy that where a court, acting on an erroneous view of the law, declines jurisdiction of a cause, mandamus will lie to compel it to take cognizance thereof.' Note, Ann. Cas. 1915D, 199."

After referring to numerous earlier Washington decisions the opinion continues as follows:

"It is fundamental that a higher court will not control the judicial acts of an inferior court. It will not invade the realm. Its prime function is to review for error. The first question then must be to determine the character of the act of the inferior court. Is a judgment of dismissal based upon a denial of jurisdiction over a subject-matter a judicial act in the sense that it is a judgment which ought to be reviewed on appeal?

"A dismissal under the mistaken belief that the court has no jurisdiction is in no sense a judicial act; for it rests upon a disclaimer of the judicial function. The court has neither heard nor determined. Neither the law nor the facts are affected in the slightest degree, and, appeals being for the correction of judicial errors, errors of discretion or of the judicial mind, it follows that one entitled should have resort to some method by which the court can be set in motion. The court has done nothing which is either judicial or discretionary. It has refused to do either. Its judgment is *nullus fillius*, a void thing, binding no one, a legal nonentity."

■ In the stockholders' suit brought by Methodist Old People's Home and others against Portland Gas & Coke Company and others, the circuit court for Multnomah county acquired jurisdiction over the subject matter involved therein, insofar as concerned the stock of Portland Gas & Coke Company which was alleged to have been unlawfully acquired by American Power & Light Company. Inasmuch as Portland Gas & Coke Company is an Oregon corporation, shares of its corporate stock are considered as within the jurisdiction and subject to the courts of this state. Shares of stock are to be distinguished from certificates that merely represent ownership of the stock: *Hook v. Hoffman,* 16 Ariz. 540 (147 P. 722); *Gamble v. Dawson,* 67 Wash. 72 (120 P. 1060, Ann. Cas. 1913D, 501).

■■ The jurisdiction to proceed to the determination of the ownership of the said shares of stock was not complete until American Power & Light Company had been served with summons as provided by the laws of this state. This was accomplished by substituted service on that company in Maine, the state of its incorporation. The failure of American Power & Light Company to appear personally in said litigation would pre-

clude the court from rendering any personal judgment against it, and the future action would be in the nature of a proceeding *in rem*, limited, as far as concerned that company, to the property which it owned in the state of Oregon of which the court had acquired jurisdiction.

■■ When the defendant American Power & Light Company filed its motion to quash service of summons upon it, it appeared specially and did not thereby submit itself to the jurisdiction of the court. The order denying the motion to quash service was based upon the allegations of the complaint to the effect that the said company was the owner of property within this state and subject to the jurisdiction of the court, and upon the further ground that the plaintiffs had complied with the provisions of the law of this state as to substituted service upon a non-resident defendant owning property within the state, subject to the jurisdiction of the court. No decree of the circuit court could have been rendered which would in any way affect the property of that company in Oregon until after such substituted service of summons had been made upon the company in conformity with the laws of this state.

By its order which is here under attack the circuit court attempted to limit its jurisdiction to a certain designated number of shares of stock in Portland Gas & Coke Company and any other property owned by the defendant American Power & Light Company in the state of Oregon. It expressly noted in the said order that its jurisdiction over American Power & Light Company was "special only, as provided in section 7-106, Oregon Code 1930," and further stated that the said company was granted authority "to appear specially herein for the sole purpose of protecting its in-

terest in and its title to said common stock, and any other property of said defendant in this state at the time jurisdiction herein attached, without thereby acknowledging, creating or conferring upon this court any general jurisdiction over the person of said defendant * * *.''

Had not the defendant American Power & Light Company filed its ''motion to limit issues'' as to itself, there could be no contention, so far as indicated by the alternative writ, that there had been any general appearance in the suit by that defendant.

It is urged that since the defendant American Power & Light Company is a foreign corporation, organized under the laws of the state of Maine, and does not have an agency established in Oregon for the transaction or soliciting of business in this state, it has a right under § 7-106, Oregon Code 1930, to appear specially in the court and procure the kind of order which is here attacked, which order attempts to limit the issues so far as that company is concerned and to grant it the right to appear specially and defend the suit on its merits without subjecting itself to personal liability. The section above mentioned reads as follows:

''No corporation is subject to the jurisdiction of a court of this state, unless it appear in the court, or has been created by or under the laws of this state, or have an agency established therein for the transaction of some portion of its business, or have an agency established therein for the purpose of soliciting some portion of its business in this state or elsewhere, or have property in this state; and in the last case only to the extent of such property at the time the jurisdiction attached.''

The effect of the argument advanced concerning American Power & Light Company seems to be that the

said company can, by calling its appearance special for the sole purpose of protecting its interest in property in the state of Oregon, attack the pleadings of the plaintiffs to the same extent that would be possible if it appeared generally, and that it also has the right to file an answer putting in issue all the allegations of the complaint having reference to any property in which it has an interest, in this state; and in addition, that it can appear and participate in the trial of the case to the same extent as could a defendant who had been personally served in this state, without subjecting itself to any personal liability. In other words, it is contended that the relief to which the plaintiffs would be entitled, if any, should that defendant put in its so-called special appearance and contest plaintiffs' rights to any relief, would be the same as though the defendant American Power & Light Company had not appeared at all.

In order to give § 7-106, *supra*, the construction contended for, we must interpret the language thereof in reference to an appearance by a foreign corporation to mean a general appearance, and we must further hold that such a corporation can, without making a general appearance, appear specially and defend on the merits of the suit without thereby rendering itself personally subject to the jurisdiction of the court.

If this contention be sound, a foreign corporation could give to a resident of this state a note secured by a mortgage on real property in Oregon, and then on foreclosure proceedings could appear specially in court for the purpose of protecting its interest in the mortgaged property, deny the execution of the note and mortgage and contest the foreclosure in the same manner as could any defendant served in this state. And any decree or judgment rendered against it would

be limited to the proceeds realized from a sale of the mortgaged property. Under § 7-105, Oregon Code 1930, which is similar to § 7-106, *supra*, except that it applies to natural persons, the non-resident husband of a wife suing in this state for divorce could, to follow to its logical conclusion the argument advanced in the demurrer to the writ, appear by an attorney and contest the proceedings instituted by his wife, and yet not subject himself to a decree for support of his minor children or payment of alimony to his wife.

According to § 7-405, Oregon Code 1935 Supplement, a defendant appears in an action or suit when he answers, demurs or files therein a motion. And under § 1-517, Oregon Code 1930, the court acquires jurisdiction from the time of service of the summons, and a voluntary appearance of the defendant "shall be equivalent to personal service of the summons upon him."

In *Belknap v. Charlton*, 25 Or. 41 (34 P. 758), this court with reference to the appearance of the defendant, stated:

"If he asks the court to adjudicate upon some question affecting the merits of the controversy, or for some relief which presupposes jurisdiction of the person, and which can be granted only after jurisdiction is acquired, he will be deemed to have made a general appearance, and to have submitted himself to the jurisdiction of the court, and can not, by any act of his, limit his appearance to a special purpose."

This court in *Whittier v. Woods,* 57 Or. 432 (112 P. 408), observed:

"If the mover asks for some relief, which necessarily assumes that the court has jurisdiction of him, it will amount to a general appearance. But, so long as he keeps out of court for every purpose except to question its jurisdiction of him, the appearance is not general."

Although not heretofore called upon to decide this identical question raised in the manner in which it is here presented, this court has nevertheless held for many years that a special appearance must be limited to the questioning of jurisdiction of the court over the defendant, and that any appearance by the defendant in moving against, demurring to or answering the complaint is not a special appearance, but submits the defendant to the jurisdiction of the court: *Multnomah Lumber Co. v. Weston Basket Co.*, 54 Or. 22 (99 P. 1046, 102 P. 1); *Roethler v. Cummings*, 84 Or. 442 (165 P. 355); *Belknap v. Charlton*, supra; *Whittier v. Woods*, supra.

The section of the code (§ 7-106, *supra*) upon which the defendant relies does not provide that a foreign corporation owning property in this state may make an appearance in court and participate in the trial of the cause and yet limit the effect of any judgment or decree to property owned by it in this state. The statute is worded in the alternative, and it clearly means that a foreign corporation shall not be subject to the jurisdiction of a court of this state unless it appears in court or has an agency in this state upon which service may be made, or unless it has property in this state. And if it neither appears in court nor has an agency upon which service can be made, then the extent of the liability of such foreign corporation on any judgment or decree rendered against it in a court of this state will be limited to the property of such company located in Oregon.

In support of its contention that the circuit court had authority to enter the order it did, attempting to limit the issues and to restrict its jurisdiction over American Power & Light Company, the defendant

relies principally on two decisions, the first of which is *Cheshire National Bank v. Jaynes,* 224 Mass. 14 (112 N. E. 500). In that instance the court was called upon to construe a Massachusetts statute reading as follows:

"A personal action shall not be maintained against a person who is not an inhabitant of this commonwealth unless he has been served with process within this commonwealth or unless an effectual attachment of his property within this commonwealth has been made upon the original writ, and in case of such attachment without such service, the judgment shall be valid to secure the application of the property so attached to the satisfaction of the judgment, and not otherwise."

The opinion in that case held, it is true, that the defendant might appear specially in the court and procure an order similar to that obtained by American Power & Light Company in the stockholders' suit, in which event any judgment entered against the defendant would be limited to the property that had been attached. It may be noted, however, that the statute upon which the court based its decision expressly provided that a personal action could not be maintained against a non-resident unless he was personally served with process within the state, and did not refer to the appearance of the defendant in court. It was the view of the writer of that opinion that the legislature did not intend that the courts of that commonwealth should acquire personal jurisdiction of a non-resident by his voluntary appearance for the purpose of protecting his rights in the attached property.

The other case stressed by the defendant circuit judge is *Salmon Falls Mfg. Co. v. Midland Tire & Rubber Co.,* 285 Fed. 214, wherein the court held that the defendant did not waive its objection to personal jurisdiction by participating in the trial after an in-

effectual attempt to limit recovery to property which had been attached. The ruling in that case was largely based on *Norfolk Southern R. Co. v. Foreman,* 244 Fed. 353, and *Grable v. Killits,* 282 Fed. 185, in which precedents it was held that in the federal court the defendant did not waive his objection to the court's jurisdiction over him by appearing and answering to the merits, when he made clear that it was his intention not to waive the objection. In that opinion the case of *Cheshire National Bank v. Jaynes,* supra, is referred to and "both its reasoning and conclusion" are approved.

■ In a number of jurisdictions, including the federal courts, it has been held that a defendant who appears specially for the sole purpose of objecting to the jurisdiction of the court over his person does not, when his objection is overruled, waive the objection by thereafter participating in a trial on the merits: Note, 93 A. L. R. 1302. Massachusetts is mentioned in this annotation as one of the states in which the objection is not waived. On the other hand, many of the states, including Oregon, hold that the defendant waives his objection to jurisdiction over his person by participating in a trial on the merits after the overruling of such objection made on special appearance: Note, 93 A. L. R. 1310.

■ In view of the decisions of this court as to what constitutes a general appearance, and our own precedents holding that a defendant waives his objection to jurisdiction of the court over his person by participating in a trial on the merits, we are of the opinion that any participation by a foreign corporation in a trial on the merits is a general appearance and subjects it to the same liability as attaches to a domestic corporation that has been served with summons in this state or has voluntarily appeared in the proceeding.

■ We are, however, confronted with the problem of whether or not American Power & Light Company has made a general appearance by seeking to limit the issues in the case and asking leave to appear specially ''for the sole purpose of protecting its interest in and its title to said common stock, and any other property of said defendant in this state at the time jurisdiction herein attached.'' By that motion the defendant was not asking for any relief from the court which could be regarded as affecting the merits of the case, and it is our opinion that the mere filing of the motion did not constitute a general appearance: *Belknap v. Charlton,* supra; *Sit v. Hurd,* 61 Or. 182 (120 P. 737, 1135); *Herrick v. Wallace,* 114 Or. 520 (236 P. 471).

According to the recitals of the alternative writ, the only appearances made by American Power & Light Company in the stockholders' suit were when it appeared to quash service of summons upon it and when it filed the motion for the purpose of limiting the issues in that suit. Those were both designated as special appearances. Inasmuch as we find from the record before us that American Power & Light Company has not made a general appearance in the suit, we cannot issue a peremptory writ requiring the circuit judge to assume jurisdiction of that defendant and proceed with the trial of the case as though the said defendant had made therein a general appearance. The demurrer to the alternative writ is therefore sustained, and a peremptory writ is hereby denied.

Lusk and Rand, JJ., not participating.