**STATE of Alaska, Petitioner,**

v.

**Alfred LINN, Jr., Respondent.**

**No. 122.**

Supreme Court of Alaska.

June 27, 1961.

Robert C. Erwin, Dist. Atty., Nome, for petitioner.

Virgil D. Vochoska, Nome, for respondent.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

PER CURIAM.

In this petition for review we are faced with the question: Just when does a minor,

charged with the commission of a felony, become "over sixteen years of age" so that the juvenile court may waive its statutory jurisdiction over him and the superior court be required to assume that jurisdiction?

The facts and circumstances of this case pertinent to the issue stated are as follows: The respondent, Alfred Linn, Jr., was charged with the crime of burglary, committed at Barrow, Alaska, on January 24, 1961. At a preliminary hearing held on March 17, 1961, the district magistrate court, hereinafter referred to as the juvenile court, determined that the respondent was over the age of sixteen years and that there was probable cause that he had committed a felony as charged and so waived its jurisdiction and bound him over to the superior court for further proceedings. On the same day, and presumably after the binding over, the respondent was indicted by the grand jury for the crime of burglary in a dwelling. He immediately moved to dismiss the indictment on the ground that the Alaska law which provides that jurisdiction of the juvenile court of a minor over sixteen years of age may be waived in certain circumstances did not apply in his case because he was not over sixteen years of age and would not be over sixteen years of age until he reached his seventeenth birthday. The superior court agreed with the respondent and so ordered the indictment dismissed and the respondent remanded to the juvenile court.[1] The state petitioned for a review of the order of dismissal.

We shall first consider the respondent's contention that to permit the state to petition for review in this case would be to circumvent section 52A–1–1, Alaska Compiled Laws Annotated Cumulative Supplement 1959 and Supreme Court Rule 6 which preclude the state from appealing from a final

judgment in a criminal action unless it is to test the sufficiency of an indictment.

 The state admits that no appeal from the order here involved lies to the supreme court, but it insists that it is entitled to have the order reviewed by this court under the provisions of Supreme Court Rule 23(c) (1), the applicable portion of which reads:

"An aggrieved party may petition this court for review of any order or decision of the superior court, not otherwise appealable under Rule 6, in any action or proceeding, civil or criminal, as follows:

\* ' \* \* \* \* \*

"(c) From any order affecting a substantial right in an action or proceeding which either (1) in effect terminates the proceeding or action and prevents a final judgment therein \* \* \*."

We are of the opinion that the superior court's dismissal of the indictment affected "the substantial right" of the state to put the accused on trial in the superior court for the crime charged in the indictment.[2] In effect this terminated the action and prevented a final judgment therein.

Furthermore, we held in the recent case of State v. Salinas, 1961, 362 P.2d 298, that the limitation of the right of the state to appeal contained in Supreme Court Rule 6 does not prevent its use of review on appropriate occasion to question the jurisdiction of the trial court, and that writs of mandamus and prohibition have been replaced by the petition for review. We regard the ruling of the superior court in the instant case that no waiver of jurisdiction could be made by the juvenile court as equivalent to a refusal on its part to assume jurisdiction of the respondent. This clearly raises a jurisdictional question which under the former law and practice in Alaska could

---

1. It should be noted that in an earlier skirmish in this case and before there had been a preliminary hearing, the superior court had dismissed a prior indictment returned by the grand jury on March 15, 1961, against the respondent on the identical charge, when the court

discovered that the respondent was then approximately sixteen years and five months of age.

2. See Ex parte United States, 1932, 287 U.S. 241, 248–249, 53 S.Ct. 129, 77 L. Ed. 283, 286–287.

have been raised by the state on petition for writ of mandamus.[3]

■ The respondent next argues that even if the state were entitled to invoke the provisions of Rule 23(c) (1) it has not fulfilled the requirements of Supreme Court Rule 24.[4] While the state has not indicated by any express language how this case qualified for review under any of the three alternative requirements of Rule 24, we find from the petitioner's memorandum recital of the facts of this case and the law applicable to situations in which a court refuses to exercise its jurisdiction that "the superior court has so far departed from the accepted and usual course of judicial proceedings, * * * as to call for this court's power of supervision and review".[5] Review is, therefore, granted.

Turning now to the basic question presented for review in this case, we find that by statute in Alaska exclusive original jurisdiction in cases of minors under eighteen years of age, who have violated any law of the State of Alaska, or of any ordinance or regulation of a political subdivision thereof, excepting certain traffic violations, is vested in the district magistrate court.[6] Alaska law also provides that

"If a minor over sixteen (16) years of age is charged with an offense which, if committed by an adult, would constitute a felony, the [juvenile] court, after a preliminary hearing, may waive the jurisdiction vested in it by this Act * * *, and order such minor transferred to the jurisdiction of the District [Superior] Court to answer the offense charged." [7]

■ The record discloses that the respondent was born on October 4, 1944. That would have made him about sixteen years and five months of age on March 17, 1961, the date on which the juvenile court waived its jurisdiction over him. We find the law to be quite well established that, with respect to penal statutes, a person is over or under a certain age, say sixteen years, when he has reached that particular anniversary of his birthday. Gibson v. People, 1909, 44 Colo. 600, 99 P. 333; Knott v. Rawlings, 1959, 250 Iowa 892, 96 N.W. 2d 900, 73 A.L.R.2d 868; Application of Smith, Okl.Cr.1960, 351 P.2d 1076. In the last case just cited the Oklahoma Court of Criminal Appeals had this to say:

"It is therefore our conclusion, that, where reference is made in the penal

---

3. United States v. Folsom, D.C.D.Alaska 1906, 3 Alaska 226. See also Thomas v. Superior Court, 1935, 4 Cal.App.2d 356, 41 P.2d 220; State v. Phelps, 1948, 67 Ariz. 215, 193 P.2d 921, 923; State ex rel. Methodist Old People's Home v. Crawford, 1938, 159 Or. 377, 80 P.2d 873, 877.

4. Rule 24 of the Supreme Court Rules provides that:
 "A review shall not be a matter of right, but will be granted only: (1) where the order or decision sought to be reviewed is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and to require the immediate attention of this court; (2) where the sound policy behind the general rule of requiring appeals to be taken only from final judgments is outweighed by the claim of the individual case that justice demands a present and immediate review of a particular non-appealable order or decision; or (3) where the superior court has so far departed from the ac-

cepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative tribunal, as to call for this court's power of supervision and review."

5. The quoted words are from subdivision (3) of Supreme Court Rule 24.

6. Section 51–3–24, A.C.L.A.Cum.Supp. 1957, as amended by S.L.A.1961, ch. 76, § 1. See also § 52A–2–3(1) (f), A.C.L.A. Cum.Supp.1959, transferring the jurisdiction of the justice courts to the district magistrate courts.

7. Section 51–3–29, A.C.L.A.Cum.Supp. 1957. After statehood and with the creation of the Alaska State Court System, the functions of the District Court for the District (Territory) of Alaska were transferred to the superior court and the jurisdiction of the justice court in cases involving juveniles under the age of eighteen years and arising under the provisions of sections 51–3–24, 51–3–29, A.C.L.A.Cum.Supp.1957 was vested in the district magistrate court.

statutes to a 'male over eighteen years of age', that any fractional part, or the first moment, of the 18th birthday is the drawing line and constitutes him over 18 years of age * * *." 351 P.2d at page 1078.

In a somewhat similar vein the supreme court of the State of Iowa in the Knott case, supra, held that under a statute prohibiting the commission of lascivious acts upon a child of the age of sixteen years or under:

"A child is one year old on the first anniversary of his birth and is sixteen years old on the sixteenth anniversary. Before the sixteenth anniversary he is under the age of sixteen years and after that anniversary he is over the age of sixteen. Sixteen years is an exact and definite period of time. It does not mean and include sixteen years and six months. We should be realistic and not read something into the statute which is not there and which clearly was not intended to be there. This is a criminal statute and cannot be added to by strained construction." [250 Iowa 892, 96 N.W.2d 901.]

In the light of these authorities and the facts of the case before us we hold that it was error for the superior court to dismiss the indictment returned against the respondent upon the ground that it had no jurisdiction over him. The order of the Superior Court, Second Judicial District, dismissing the indictment which was filed against the respondent on March 17, 1961, is vacated, and the case is remanded to that court for further proceedings.